MINTY v. BOARD OF STATE AUDITORS.

1. STATES—COURT OF CLAIMS—IMMUNITY FROM SUIT—IMMUNITY FROM LIABILITY.

Amendment of court of claims act whereby the State waived its immunity from liability for the torts of its officers and employees and consented to have its liability therefor determined in such court and "hereby assumes liability for such acts" constituted an express assumption of liability for such acts and rendered unnecessary any amendment of the court of claims act providing for waiver of immunity from being sued in order to give its consent to be sued, since that had already been waived upon the original enactment of that act (PA 1939, No 135, § 24, as amended by PA 1943, No 237).

2. SAME—SOVEREIGN IMMUNITY FROM LIABILITY—GOVERNMENTAL FUNCTION.

Sovereign immunity from liability exists when the sovereign is engaged in a governmental function.

3. SAME—SOVEREIGN IMMUNITY FROM SUIT—WAIVER—IMMUNITY FROM LIABILITY.

Sovereign immunity from suit may be waived without waiving sovereign immunity from liability.

4. SAME—GOVERNMENTAL FUNCTION—IMMUNITY FROM LIABILITY—COURT OF CLAIMS.

The State's immunity from liability for torts of its officers and employees while engaged in a governmental function was preserved upon the original enactment of the court of claims act provision that the act should not be so construed as to enlarge the present liabilities of the State, since the waiver of such a defense would enlarge the then present liabilities of the State (PA 1939, No 135, § 24).

REFERENCES FOR POINTS IN HEADNOTES

[1–4, 6, 7, 10–13, 15–18, 20] 49 Am Jur, States, Territories, and Dependencies §§ 91–99.
[1–4, 6, 7, 10–13, 15–18, 20] Necessity of consent to suit against State. 42 ALR 1464; 50 ALR 1408.
[8, 9] 11 Am Jur, Constitutional Law § 368 et seq.
[21] 14 Am Jur, Costs § 92.

5. COURTS—JURISDICTION—DEFENSES INTERPOSED.

> A court which has jurisdiction over a particular class of cases, by virtue of the powers and duties so imposed, necessarily has power to consider, and determine, whether a defense interposed is a bar to the action.

6. SAME—COURT OF CLAIMS—STATES—DEFENSE OF GOVERNMENTAL FUNCTION—STATUTES—AMENDMENTS—TITLE OF ACT.

> Court of claims, empowered to hear and determine claims against the State, has the power to determine applicability of defense of governmental function, when interposed, hence, statute amending court of claims act in waiving such defense except in certain cases did not thereby add a provision without the title of the court of claims act (PA 1939, No 135, § 24, as amended by PA 1943, No 237).

7. ACTION — STATES — GOVERNMENTAL IMMUNITY — SUBSEQUENT AMENDMENT OF STATUTE.

> Recovery by plaintiff on cause of action against the State which arose at a time when the defense of governmental immunity with respect thereto was waived would not be barred by the imposition of a different rule as to governmental immunity by a subsequently-enacted statute which became effective before the claim was filed in the court of claims (PA 1939, No 135, § 24, as amended by PA 1943, No 237, and repealed by PA 1945, No 87).

8. WORDS AND PHRASES—VESTED RIGHTS.

> A right cannot be considered a vested right unless it is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws, but it must have a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another.

9. STATUTES—REPEAL—VESTED RIGHTS.

> The repeal of a statute does not take away a plaintiff's accrued cause of action under it for damages for an injury to person or property as the law of the case, at the time when it became complete, is an inherent element in it, and the repeal of such statute would be a denial of justice and a violation of the due course of law.

10. STATES—COURT OF CLAIMS ACT—CONSTRUCTION OF STATUTES.

> The question of intent of the court of claims act, whereby a means was afforded of presenting claims against the State,

was not left to be determined by general rules of construction by reason of the specific statement that the act was not to be construed as enlarging the present liabilities of the State and any of its agencies which provision functioned as a guide for observance by the courts in the interpretation of such act (PA 1939, No 135, § 24).

11. SAME—COURT OF CLAIMS ACT—SOVEREIGN IMMUNITY—WAIVER.
The court of claims act did not waive or abrogate the right of the State to rely on its sovereign immunity (PA 1939, No 135).

12. SAME—WAIVER OF IMMUNITY FROM ACTION.
A State does nothing more than waive its immunity from action by consenting to be sued and does not thereby concede its liability in favor of the claimant or create a cause of action in his favor which did not theretofore exist.

13. SAME—LIABILITY FOR TORTS—STATUTORY CONSENT TO BE SUED.
Liability of the State for a tort cannot be predicated upon the fact that the State has entered its general statutory consent to be sued and directing the manner in which suits may be brought by those having claims against the State (PA 1939, No 135).

14. SAME—CLAIMS AGAINST STATE—STATUTES.
A special statute permitting suits against the State on particular claims does not concede the justice of such claims.

15. SAME—CONSENT TO BE SUED—JURISDICTION—INTERPOSITION OF DEFENSES.
Statutory consent to sue the State merely gives a remedy to enforce a liability and submits the State to the jurisdiction of the court, subject to its right to interpose any lawful defense.

16. SAME—COURT OF CLAIMS ACT—LIABILITY FOR TORTS—CONSTRUCTION OF STATUTES.
Fact that section of court of claims act declaring that it was not to be construed as enlarging present liabilities of the State or its agencies was repealed did not subject the act to an interpretation that would include liability of the State for all torts of its officers and employees, where the repealing act itself set forth a specific class of torts upon which immunity from liability was waived and such class did not include liability for tort upon which plaintiff had based her action (PA 1939, No 135, § 24, as amended by PA 1943, No 237, and repealed by PA 1945, No 87).

17. SAME—COURT OF CLAIMS—SOVEREIGN IMMUNITY—WAIVER.

State did not waive the right to rely on its sovereign immunity from liability as a defense in a suit by consenting to be sued in the court of claims as the act establishing such court originally provided (PA 1939, No 135).

18. SAME—COURT OF CLAIMS ACT—ASSUMPTION OF LIABILITY FOR TORTS OF AGENTS—REPEAL.

Amendment of court of claims act gave rise to a cause of action which had not theretofore existed because of the governmental immunity of the State from responding in damages for such cause of action, where the amendment assumed liability for damages arising out of the negligence of State officers and employees, a right of action of which plaintiff was not deprived by the repeal of the section amended, since the repeal operated *in futuro* (PA 1939, No 135, § 24, as amended by PA 1943, No 237, and repealed by PA 1945, No 87).

19. STATUTES—DESTRUCTION OF VESTED RIGHT AND REMEDY.

A statute which attempts by the same provision to destroy both a vested right and a remedy succeeds in destroying neither.

20. ACTION—TORTS—STATES—VESTED RIGHTS.

Plaintiff's vested right to sue the State for tortious negligence of its employees in care of State property under amendment of court of claims act wherein State assumed liability for such torts was not affected by the repeal of such section, where her cause of action accrued during period when such amendment was effective, the forum for determination of such right having been previously and continuously provided by the court of claims act (PA 1939, No 135, § 24).

21. COSTS—APPEAL—BRIEFS.

No costs are allowed plaintiff who filed no brief on appeal.

DETHMERS, C. J., and CARR, J., dissenting.

Appeal from Court of Claims; Westin (Edward A.), J., presiding. Submitted October 15, 1952. (Docket No. 78, Calendar No. 45,477.) Decided April 13, 1953.

Case by Frances M. Minty against Board of State Auditors for injuries suffered when she slipped on

icy sidewalk. Motion to dismiss denied. Defendant appeals. Affirmed.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Meredith H. Doyle,* Assistants Attorney General, for defendant.

DETHMERS, C. J. (*dissenting*). This case involves the construction of 3 acts. The first is PA 1939, No 135 (CL 1948, § 691.101 *et seq.* [Stat Ann 1951 Cum Supp § 27.3548(1)]), hereinafter called the court of claims act. The second, hereinafter called the waiver of immunity act, is PA 1943, No 237, which amended section 24 of the court of claims act to provide that, with certain exceptions not pertinent here, the defense of sovereign immunity was waived in cases brought in the court of claims against the State for the torts of its officers and employees committed in performance of a governmental function. The third, hereinafter called the repealing act, is PA 1945, No 87 (CL 1948, § 691.141 [Stat Ann § 27.3548(41)]), which became effective September 6, 1945, repealing the mentioned waiver of immunity act of 1943. It contained no saving clause.

On February 6, 1945, plaintiff's cause of action, if any, arose out of injury sustained in a fall in the State office building caused by slipping on ice allegedly present due to negligence of State employees. On August 3, 1945, plaintiff filed notice of her intention to file a claim against the State. It will be noted that both the injury and the filing of notice antedated the effective date of the repealing act of 1945 and occurred while the waiver of immunity act of 1943 was in effect. On January 20, 1948, after the repealing act had become effective, plaintiff filed her pending petition and bill of particulars in the court of claims, demanding judgment for $25,000. On Jan-

nary 28, 1948, defendants filed a motion to dismiss plaintiff's petition and from denial thereof, on leave granted, bring this appeal.

Should the court have granted defendants' motion to dismiss, planted on the theory that the 1945 repeal of the 1943 waiver of immunity deprived plaintiff of the right to proceed against the State in a suit, begun after the repeal, based on a cause of action which had accrued while the waiver was still in effect?

*Bejger* v. *Zawadzki,* 252 Mich 14, is cited in support of defendants' motion. There an act providing for double damages for injuries resulting from dog bite and dispensing with the common-law necessity for proof that the owner had knowledge of the dog's vicious propensities was repealed, without a saving clause, during pendency of suit on a cause of action which had accrued while the act was in effect. It was held that no recovery could be had under the repealed act. Involved was the repeal of statutory provisions for a penalty and a rule of evidence to which this Court held no vested rights attach. Those are not the elements here involved.

Also cited by defendants are cases such as *Detroit Trust Co.* v. *Allinger,* 271 Mich 600, for the proposition that "the repeal of a statute divests all inchoate rights which have arisen under the statute which it destroys. 54 CJ, p 402." But, was plaintiff's accrued cause of action an inchoate right? In *Cusick* v. *Feldpausch,* 259 Mich 349, this Court held that an accrued right of action for damages resulting from the tortious act of another is not an inchoate, but a vested, right which may not be defeated by giving a subsequently-enacted statute retrospective effect.

Decision must depend upon analysis of the essence of the State's waiver of sovereign immunity in the 1943 act. Did it impose a liability on the State under certain circumstances and thus create a cause of action, a right, or did it amount merely to a consent

to be sued, the affording of a remedy? If the latter, it clearly gave rise to no vested right, but only a privilege which the State could withdraw at any time even though the withdrawal served to destroy the remedy in relation to causes of action which had already accrued and to terminate suits thereon already pending. In *McDowell* v. *Warden of Michigan Reformatory at Ionia,* 169 Mich 332, involving a contractual right against the State, it was held that such withdrawal of consent to be sued terminated a pending suit and that this was not violative of the constitutional inhibition against impairment of the obligation of contract. Similarly, in *Beers, Use of Platinius,* v. *Arkansas,* 20 How (61 US) 527 (15 L ed 991), involving a contractual right against a State, the court held that, inasmuch as a State's consent to be sued is voluntarily given, it may be withdrawn altogether, even though a cause of action on contract has already accrued to plaintiff, and that this does not violate United States Constitution, art 1, § 10, prohibiting impairment of the obligation of contract. In *Lynch* v. *United States,* 292 US 571 (54 S Ct 840, 78 L ed 1434), it was held that consent given by the United States government to be sued on insurance contracts issued by it could be withdrawn at any time, even though the contractual obligation had been assumed by the government while the consent was in effect, and that this was not violative of the Fifth Amendment's prohibition against taking property without making just compensation and did not imply repudiation of contract obligation. To the same effect is *Duke Power Co.* v. *South Carolina Tax Commission* (CCA), 81 F2d 513, which also held that such course of action did not violate the limitations of the Fourteenth Amendment.

The trial judge pointed out, however, that the 1943 act not only waived immunity, but also provided that "the State hereby assumes liability for such acts."

From this the court concluded that the act served not only to provide a remedy but also to create a substantive right.   To this concept the court applied the holding of *Cusick* v. *Feldpausch, supra,* that the repealing act could not operate retrospectively to destroy such vested right.   Granted that the repealing act may not, for constitutional reasons, operate retrospectively to destroy a vested right, may it not, nevertheless, stand as a valid withdrawal of consent to be sued on causes of action already accrued?   In considering that question, the court in *Lynch* v. *United States, supra,* said:

"There is a suggestion that although, in repealing all laws 'granting or pertaining to yearly renewable term insurance,' congress intended to take away the contractual right, it also intended to take away the remedy; that since it had power to take away the remedy, the statute should be given effect to that extent, even if void insofar as it purported to take away the contractual right.   The suggestion is at war with settled rules of construction.   It is true that a statute bad in part is not necessarily void in its entirety.   A provision within the legislative power may be allowed to stand if it is separable from the bad.   But no provision however unobjectionable in itself, can stand unless it appears both that, standing alone, the provision can be given legal effect and that the legislature intended the unobjectionable provision to stand in case other provisions held bad should fall.   *Dorchy* v. *Kansas,* 264 US 286, 288, 290 (44 S Ct 323, 68 L ed 686).   Here, both those essentials are absent.   There is no separate provision in section 17* dealing with the remedy; and it does not appear that congress wished to deny the remedy if the repeal of the contractual right was held void under the Fifth Amendment."

---

* 48 Stat 11.—REPORTER.

Likewise, in *Duke Power Co.* v. *South Carolina Tax Commission, supra,* the court, after affirming the right of a State to withdraw its consent to be sued at any time, said:

"But the repealing statute here, if given the interpretation contended for by appellee, does more than withdraw the State's consent to suit. It wipes out all rights of the appellants with respect to the moneys paid under protest; for no one would contend that, in the absence of the statute, a taxpayer would have any rights with respect to tax payments already made. As there is no separate provision of the repealing statute dealing with the remedy, the entire statute would necessarily be held invalid insofar as it applied to transactions occurring prior to its passage. The question in this respect is clearly ruled by the recent decision of the supreme court in *Lynch* v. *United States,* 292 US 571, at page 586 (54 S Ct 840, 78 L ed 1434). A statute which attempts by the same provision to destroy both a right and a remedy succeeds in destroying neither."

Concerning the 2 Federal cases just quoted, it should be observed that the very acts which granted consent to be sued at the same time formed the basis for the liability upon which suit was sought to be brought. Thus the right and the remedy were created by 1 act. In both instances the repealing act, in nonseverable terms, undertook to destroy both the right and the remedy by 1 repealing clause which failed to make distinction between or reference to the right and remedy independent of each other. That was the controlling factor.

The trial judge's view that the waiver of immunity act of 1943 not only afforded a remedy but equally gave rise to a vested right upon the occurrence of certain events finds apparent support, not only in the language of the statute itself, but also in our opinion in *Manion* v. *State Highway Commissioner,*

303 Mich 1. In that case, brought before enactment of the 1943 waiver of immunity act, it was contended that sovereign immunity had been waived by section 8 of the 1939 court of claims act,* a pertinent portion of which, in prescribing the powers of the court of claims, reads:

"The court shall have power and jurisdiction:
"1. To hear and determine all claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto,* against the State and any of its departments, commissions, boards, institutions, arms or agencies."

In rejecting that contention the majority of this Court said, *inter alia:*

"There is a distinction between sovereign immunity from suit and sovereign immunity from liability. The latter exists when the sovereign is engaged in a governmental function. The former may be waived without a waiver of the latter.   *   *   *
"The State is not liable in this instance because of its sovereign immunity from liability and in the performance of a governmental function and not because of its sovereign immunity from suit."

To be noted is the use in that case of the term "immunity from liability," which is also to be found in *Mead* v. *Michigan Public Service Commission,* 303 Mich 168. We have no doubt that the indicated use by this Court of that term and expression of the concept that the defense of "governmental function" consists of 2 parts, namely, immunity from liability and immunity from suit, prompted the legislature to believe that, in enacting the waiver of immunity act of 1943, it was necessary not merely to consent to be sued but also to waive immunity from and to assume liability. This theory of the dual nature of sovereign immunity is to be found for the first time,

---

* PA 1939, No 135.—REPORTER.

in this State at least, (and we do not find that its exists elsewhere) in the *Manion Opinion* which is singularly free from citation of authority for it. It was not necessary to the decision. The result achieved in the case, in which we still concur, followed necessarily from the express terms of section 8 of the court of claims act, as above quoted, which served only to confer upon the court of claims exclusive jurisdiction over certain actions against the State, not to grant to claimants against the State consent to be sued in types of cases in which the the State was not already suable. That such was the legislative intent is emphasized by the provision in that act, stressed in the *Manion Case,* that it should not be construed to enlarge the present liabilities of the State. To hold, as language in the *Manion Opinion* appeared to imply, that the court of claims act gave the State's consent to be sued in cases in which it could not theretofore have been sued and at the same time rendered that consent worthless by the erection of a barrier against liability, under the guise of a newly-discovered concept of immunity from liability, is to construe the act so as to result, unnecessarily, in absurdity. That we do not do. *General Motors Corp.* v. *Unemployment Compensation Commission,* 321 Mich 604. Sovereign immunity has always meant immunity from suit. So long as immunity from suit remained in a given type of case the necessity for determining sovereign immunity from liability therein never arose. Accordingly, we find no reported cases of instances in which a sovereign entity has given consent to be sued in the very cases in which it denies liability on the doctrine of immunity.

The 1943 act accomplished nothing more than waiver of immunity from suit. Language of the act expressive of a purpose beyond that was mere surplusage, inasmuch as liability in tort arises under

the general laws of the State. Since we conclude that the 1943 act did no more than give consent to be sued, it follows that the repealing act of 1945 operated only as a withdrawal of that consent. Such withdrawal stands as a barrier to plaintiff's suit despite the accrual of her cause of action prior to the withdrawal. See authorities hereinbefore considered.

It will be noted that *Rogers* v. *Kent Board of County Road Commissioners,* 319 Mich 661, involved an active, continuing trespass and is, therefore, not in point here. Mention should also be made of language in the concluding paragraph of this Court's opinion in *Benson* v. *State Hospital Commission,* 316 Mich 66. The only question raised in that case was whether the 1943 waiver of immunity act violated the Michigan Constitution of 1908, art 5, § 21, provision that "no law shall embrace more than 1 object, which shall be expressed in its title." Although the repealing act of 1945 was mentioned in the opinion of this Court and its effect upon accrued causes of action indicated, that question was neither raised in the record nor discussed in the briefs and the case in nowise represents the considered judgment of this Court on the question.

Order should be reversed. No costs, a public question being involved.

CARR, J., concurred with DETHMERS, C. J.

BOYLES, J. I do not concur in reversal. The order of the court of claims denying defendant appellants' motion to dismiss should be affirmed and the case remanded for hearing on the merits. Hereinafter appellants will be referred to as the State.

The precise question raised here on this appeal, and the only ground advanced here by the State for reversal, is stated by its counsel as follows:

"Where plaintiff sustained personal injuries for which the State of Michigan would then be liable by virtue of section 24 of the court of claims act as amended in 1943* expressly waiving sovereign immunity from liability for any tort committed by a State employee in performance of a governmental function, and where subsequently, but before plaintiff's cause of action had been reduced to judgment in the court of claims, section 24 was expressly repealed by legislative enactment, did plaintiff, by virtue of an event which occurred while section 24 was still in full force and effect, acquire a vested right enforceable in the court of claims?"

Said question (as above quoted) apparently was intended to cover the State's motion to dismiss filed and heard in the court of claims and denied, which was as follows:

"Now come defendants State of Michigan and Board of State Auditors by Eugene F. Black, attorney general, and move that the petition herein be dismissed for the reason that said petition fails to state facts sufficient to constitute a valid cause of action against said defendants, or either of them, in that said defendants, at the time and place of the grievances and matters set forth in said petition, were engaged in the performance of a governmental function and having been so engaged, are not liable for the negligent or tortious acts of their officers, agents or employees."

As indicated by the Chief Justice, the motion was apparently intended to refer to plaintiff's claim that the State is liable for negligent or tortious acts of its officers, agents or employees which occurred during the period of time while section 24, PA 1943, No 237, called the waiver of immunity act, was in effect and prior to its repeal by PA 1945, No 87.  The

* PA 1939, No 135, § 24, as amended by PA 1943, No 237.—RE-PORTER.

event which gave rise to plaintiff's cause of action occurred during that period of time. Said section 24, PA 1943, No 237, then in effect, provided that:

"Upon the happening of any event subsequent to November 1, 1943, *which gives rise to a cause of action,* the State hereby waives its immunity from *liability* for the torts of its officers and employees and consents to have its *liability* for such torts determined in accordance with the same rules of law as apply to an action in the circuit court against an individual or a corporation, *and the State hereby assumes liability for such acts,* and jurisdiction is hereby conferred upon the court of claims to hear and determine all claims against the State to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the State while acting as such officer or employee." (Emphasis supplied.)

This was not merely a consent by the State to be sued, or a waiver of immunity from the right *to sue* the State. It was a waiver of immunity from *liability,* and an express assumption of liability by the State. No plainer language to accomplish that result could have been written—"and the State hereby *assumes liability* for such acts." Furthermore, there was no need for the State to amend the court of claims act* by adding any waiver of immunity from *being sued,* in order to give its *consent to be sued.* That had been granted by section 8 of the court of claims act when it was passed in 1939. This Court so held in *Manion* v. *State Highway Commissioner,* 303 Mich 1, decided in 1942, after the enactment of the court of claims act, but before the 1943 waiver of immunity from liability. In that case we held that the State had waived its immunity from being sued, but not its immunity for liability, and that the defense of governmental immunity from liability might

---

* PA 1939, No 135.

still be raised in such suit. Speaking through Justice BUSHNELL, the Court said (pp 19, 21):

"There is a distinction between sovereign immunity from suit and sovereign immunity from liability. The latter ·exists when the sovereign is engaged in a governmental function. The former may be waived without a waiver of the latter. Section 24 of the court of claims act (PA 1939, No 135 [CLS 1940, § 13862–1 *et seq.*, Stat Ann 1940 Cum Supp §§ 27.3548 (1)–27.3548(24)]) reads:                       :
" 'This act shall in no manner be construed as enlarging the present liabilities of the State and any of its departments, commissions, boards, institutions, arms or agencies.'
"I construe this to mean that the State's immunity from liability while engaged in a governmental function is preserved because the waiver of this defense would enlarge the 'present liabilities of the State.'
\*    \*    \*

"The State is not liable in this instance because of its sovereign immunity from liability in the performance of a governmental function and not because of its sovereign immunity from suit."

To the same effect, see *Mead* v. *Michigan Public Service Commission,* 303 Mich 168, also decided in 1942, under the court of claims act, before the waiver of immunity from liability in 1943. There the Court held (syllabus):

"While the act creating the court of claims provides a forum in which all claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto* against the State or any of its departments, commissions, boards, institutions, arms or .agencies, the act is not to be construed as enlarging the liabilities of the State or such agencies (PA 1939, No 135)."

In section 8 of the act, as enacted in 1939 and in effect at all times since, it is expressly stated that:

"The jurisdiction of the court of claims as conferred upon it by this act over claims and demands against the State or any of its departments, commissions, boards, institutions, arms or agencies, shall be exclusive. The court shall have power and jurisdiction:

"1. To hear and determine all claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto,* against the State and any of its departments, commissions, boards, institutions, arms or agencies.

"2. * * * The judgment entered by the court of claims upon any such claim, either against or in favor of the State or any department, commission, board, institution, arm or agency thereof, upon becoming final shall be *res adjudicata* of such claim. * * * Writs of execution or garnishment may issue upon said judgment the same as from one of the circuit courts of this State. The judgment entered by the court of claims upon any such claim, either for or against the claimant, shall be final unless appealed from as herein provided." See CL 1948, § 691.108 (Stat Ann 1951 Cum Supp § 27.3548 [8]).*

In *Benson v. State Hospital Commission,* 316 Mich 66, at pp 71, 72, the Court said:

"There is no question but that the State, by enacting the court of claims act, thereby consented that the State, and its departments, commissions, boards, institutions, arms and agencies might be sued in the court of claims on claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto.* Section 8 of the act so provides, and the right has been recognized by this Court in subsequent decisions. *Manion* v. *State Highway Commissioner,* 303 Mich 1; *Abbott* v. *Michigan State Industries,* 303 Mich 575; *McNair* v. *State Highway Department,* 305 Mich 181; *Hersey Gravel Co.* v. *State Highway Department,* 305 Mich 333; *Detroit Club* v. *State of*

---

* This section was amended by PA 1941, No 137, and PA 1945, No 199. In each instance the language quoted was retained.—REPORTER.

*Michigan,* 309 Mich 721; *W. H. Knapp Co.* v. *State Highway Department,* 311 Mich 186; *Western Electric Co.* v. *Department of Revenue,* 312 Mich 582."

It would seem that the question whether section 24 of the 1943 act constituted a waiver by the State of *immunity from liability,* not limited merely to a consent to be sued, has been settled by our previous decisions. In *Benson* v. *State Hospital Commission, supra,* as in the case at bar, the court of claims had before it a motion to dismiss, filed by the State. That court granted the motion and dismissed the case. We reversed and remanded the case for further proceedings. The precise argument then advanced by the State was that section 24 of the 1943 act, waiving the State's immunity from liability, was not germane to the title of the act, hence void. For obvious reasons, a determination of that question necessarily involved a consideration as to what respect, if any, section 24 of the 1943 act amending the court of claims act was outside the scope of the title. The question as to the import of the amendment was necessarily involved in the case, in order to determine whether it was germane to the title. Was it a waiver of governmental immunity, and an assumption of *liability,* or merely a consent by the State to be sued in the court of claims? I do not agree with the Chief Justice that the question in the *Benson Case* was limited solely to whether section 24, PA 1943, No 237, waiving governmental immunity, was unconstitutional; and that all else was surplusage. In that case the Court further said (pp 75, 76, 81, 82):

"Plaintiff has planted his right to *sue* the State, on PA 1939, No 135. By virtue of this act, the State has consented that it may be sued, in the court of claims. That court has jurisdiction of the instant suit. Conceding that the court of claims has jurisdiction over suits against the State, expressly re-

ferred to in the title of the act, it is rather difficult to understand why the court should be excluded from having jurisdiction over a defense which may be asserted in such suits, as a bar to recovery. The title of the court of claims act broadly refers to the jurisdiction of the court over all claims that may be asserted against the State, and, in a general way, to the powers and duties of the court. Immunity of the State from *liability,* for torts alleged to have been committed by its officers and employees, on the ground that the alleged tortfeasors were engaged in a governmental function, is a matter of defense which the State, in the absence of any statute to the contrary, may interpose in any suit brought against the State in the court of claims. It is a matter of defense which, if and when interposed by the State, must be considered and passed upon by the presiding judge in the court of claims. This is an essential part of the powers and duties granted to or imposed upon the court, to consider, and determine, whether the defense is a bar to the suit. Plainly this fact is recognized by the State when it seeks to interpose the defense of governmental immunity in the instant case to prevent recovery by the plaintiff, by claiming that PA 1943, No 237, is unconstitutional, wherefore the State may interpose the defense. In effect, the State now argues that the determination of this question is not within the powers and duties of the court of claims because the title is not broad enough to include it, although at the same time the State submits the question to the court of claims, for decision. * * *

"The question as to whether the State might interpose the defense of governmental immunity from *liability* as a bar to recovery in a suit against the State in the court of claims, is essential to the jurisdiction of that court, and the powers and duties of the presiding judge. In the court of claims act as originally enacted in 1939, section 24 was inserted by the legislature for the obvious purpose of guiding the court in those cases in which the State might seek

to defeat the claim by interposing the defense of governmental immunity. The legislature, in section 24, as originally enacted, declared that the State was not waiving the defense of governmental immunity. In 1943 the legislature reversed the rule— such defense was specifically waived, the State definitely *assumed liability* for the torts of its officers and employees, and declared that 'jurisdiction is hereby conferred upon the court of claims to hear and determine all claims against the State to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the State while acting as such officer or employee.'

"We conclude that PA 1939, No 135, as amended by PA 1943, No 237, is not unconstitutional on the grounds asserted by the State in the present case.

"We do not overlook the fact that PA 1939, No 135, § 24, as amended by PA 1943, No 237, has since been repealed by PA 1945, No 87 (CLS 1945, § 13862-26 *et seq.*, Stat Ann 1946 Cum Supp § 27.3548(41) *et seq.*), and a different rule of law enacted governing the defense of governmental immunity in certain cases. However, plaintiff's cause of action, if any, arose after the effective date of PA 1943, No 237, and before the effective date of the repeal by PA 1945, No 87."

The Chief Justice, after referring to the above-quoted concluding paragraph of said decision, concludes that while the repealing act of 1945 was thus mentioned in said opinion, the effect upon accrued causes of action in nowise represents the considered judgment of this Court on the question. I do not agree. The entire opinion was concurred in by the 7 members of the Court who joined in the decision. The concluding paragraph of the *Benson Opinion* merely refers to the obvious fact that section 24 of the 1943 act had been repealed in 1945 and a different law enacted governing the defense of governmental

immunity; and points out that Benson's *cause of action* arose while the 1943 act was in effect. It corresponds to the conclusions earlier reached in said opinion, which have hereinbefore been repeated at some length.

The question now comes before the Court under the same circumstances except for the one fact that in the instant case plaintiff's claim was not filed in the court of claims until after the effective date of the repealing act in 1945, although her cause of action arose while the 1943 assumption of liability was in effect. The only question raised by the State in the instant case by its motion to dismiss and in its statement of the question involved, both quoted at the outset of this opinion, resolves itself to this, Did the 1945 repealer wipe out plaintiff's *cause of action* against the State which arose during the period of time between the State's 1943 waiver of immunity from liability for damages, and the repeal of such waiver of immunity in 1945? The question before us should not be construed to be whether the 1943 waiver of immunity from *liability* was a waiver of immunity *from suit* against the State, as seems to have been indicated by the Chief Justice.

In *Cusick* v. *Feldpausch*, 259 Mich 349, after quoting from many supporting decisions, the Court said:

"There being, at common law, no right of action against the partners, owners of the automobile, it is contended that the repeal of the former statute left plaintiff without right of action against them. * * *

"A question is whether the act of 1929 is retrospective. It is wholly prospective in its language and structure. Moreover, when it became a law, plaintiff's right of action for damages to person and property under the former statute had accrued and was in her a vested right, which the new statute did not take away.

"Of vested right, the following from 2 Cooley's Constitutional Limitations (8th ed), p 749:

" 'It would seem that a right cannot be considered a vested right, unless it is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws; it must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another.'

"See, also, 6 RCL, p 308.

"In *Lewis* v. *Railroad Co.*, 220 Pa 317 (69 A 821, 18 LRA NS 279, 13 Ann Cas 1142), it is said:

" 'All authorities agree that the repeal of a statute does not take away the plaintiff's cause of action under it for damages for an injury to person or property. They rest on the sound doctrine, expressed in *Menges* v. *Dentler,* 33 Pa 495 (75 Am Dec 616), * * * that the law of the case at that time when it became complete is an inherent element in it; and, if changed or annulled, the law is annulled, justice denied, and the due course of law is violated.'

"The above case is cited to the text of 25 RCL, p 938.

" 'The repeal of a statute does not take away a right of `action for damages which have already accrued.'

"The following from 36 Cyc, pp 1225, 1226:

" 'The repeal of a statute does not operate to impair or otherwise affect rights that have been vested or accrued under the statute while in force; and this rule is applicable alike to rights acquired under contracts and to rights of action to recover damages for torts.'

"And from 1 Lewis' Sutherland Statutory Construction (2d ed), § 284:

" 'A law can be repealed by the law-giver; but the rights which have been acquired under it while it was in force do not thereby cease. It would be an act of absolute injustice to abolish with a law all the effects which it had produced. This is a principle of gen-

eral jurisprudence; but a right to be within its pro-
tection must be a vested right. It must be something
more than a mere expectation based upon an an-
ticipated continuance of the existing law. It must
have become a title, legal or equitable, to the present
or future enjoyment of property, or to the present or
future enforcement of a demand, or a legal exemption
from a demand made by another.'   *   *   *

"By the weight of authority, a statutory right of
action for damage to person or property, which has
accrued, is a vested right and likewise to be protect-
ed."

In the recent case of *Van Antwerp* v. *State,* 334
Mich 593, the plaintiff filed a claim in the court of
claims, against the State, for damages claimed to
have arisen out of illegal proceedings in the probate
court for Kent county in 1927 and 1928, resulting in
his commitment to the Kalamazoo State hospital
many years before the State's waiver of immunity
from liability in 1943. Plaintiff's claim was filed in
the court of claims in 1948, the same year as in the
case at bar. While the question was raised here, on
the appeal, that plaintiff's suit was barred by statu-
tory limitation of time, our decision affirming the
order of dismissal was based on other grounds. The
question was presented here, and briefed, whether
the State had waived its governmental immunity by
the court of claims act. Justice CARR, writing for the
Court said:

"The primary question at issue is whether the
State of Michigan has by statute waived the right
to assert governmental immunity in cases of the
character here involved, and has subjected itself to
liability therein. The court of claims was created,
and its jurisdiction defined, by PA 1939, No 135,
which, as subsequently amended, appears as CL 1948,
§ 691.101 *et seq.,* as amended by PA 1948 (1st Ex
Sess), No 47, and PA 1949, No 253 (Stat Ann 1951

Cum Supp § 27.3548[1] *et seq.*). In section 8 of the act as originally passed in 1939 the court was given power:

" 'To hear and determine all claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto,* against the State and any of its departments, commissions, boards, institutions, arms or agencies.'
\* \* \*

"Plaintiff relies thereon, asserting that under its terms the State is liable to him for the damages alleged in his petition, and that the State has thereby waived its right to raise against him the defense of governmental immunity. \* \* \*

"On the specific point in issue here the legislature, in the enactment of PA 1939, No 135, did not leave the question of intent to be determined by the application of general rules of construction. In section 24 of said act it was specifically provided:

" 'This act shall in no manner be construed as enlarging the present liabilities of the State and any of its departments, commissions, boards, institutions, arms or agencies.' (CLS 1940, § 13862-24, Stat Ann 1942 Cum Supp § 27.3548[24]).

"It will be noted that the quoted section was not in the form of a limitation on, or an exception to, any other specific provision or provisions of the act, but, rather, was a general statement with reference to the legislative purpose in the adoption of the act, and a guide for observance by the courts in its interpretation. It was accordingly held in *Manion* v. *State Highway Commissioner,* 303 Mich 1, and in *Mead* v. *Michigan Public Service Commission,* 303 Mich 168, that the legislature, by the court of claims act, had not waived or abrogated the right to rely on its sovereign immunity. See, also, *McNair* v. *State Highway Department,* 305 Mich 181.

"It is a fair inference that the legislature in declaring that it was not its intention to enlarge the then existing liability of the State and its agencies had in mind the commonly accepted rule with reference to

sovereign immunity.  In 49 Am Jur, pp 315, 316, it is said:

" 'It is well established that by consenting to be sued the State does nothing more than waive its immunity from action.  It does not thereby concede its liability in favor of the claimant or create a cause of action in his favor which did not theretofore exist. Thus, liability of the State for tort cannot be predicated upon the fact that the State has entered its general statutory consent to be sued, directing the manner in which suits may be brought by those having claims against the State.  Neither does a special statute permitting suits on particular claims concede the justice of the claims.  Statutory consent to be sued merely gives a remedy to enforce a liability and submits the State to the jurisdiction of the court, subject to its right to interpose any lawful defense.' "

In comparing the case under consideration with the *Benson Case,* Justice CARR wrote:

"Since plaintiff seems to rely on this decision, it may be further noted that under the averments of his petition it does not appear that any cause of action in his behalf against the State, under the above-quoted amendment, arose during the period that it was in effect.  He raises no question based on the theory that he became vested with rights of which he may not be deprived by virtue of any provision of the statute that has since been repealed.
\* \* \*

"In substance, it is appellant's claim that with section 24 eliminated from the original act the provision of section 8, above quoted, becomes subject to a broader interpretation than was previously given it, and that it must now be construed as imposing liability on the State in all actions, *ex contractu* and *ex delicto,* and as abrogating the doctrine of governmental immunity in all such cases.  Such claim is not justified by a fair interpretation of the language

of the provision, nor is it in accord with the intent evidenced by legislative action.   *   *   *

"The claim that the State of Michigan has by statute waived the right to rely on its sovereign immunity in the instant case is not tenable. The provision of section 8 of the court of claims act, above quoted, may not be construed as claimed by appellant."

Thus the opinion conforms to the conclusion reached by the earlier decisions of the Court, that by *consenting to be sued,* in section 8 of the court of claims act, the State did not thereby waive the right to rely on its sovereign immunity from *liability* as a defense in said suit.

By section 24 of the 1943 act the State assumed liability for damages arising out of the negligence of State officers or employees which the plaintiff claims was the cause of her injury. That act did not merely provide a forum, or procedure to be followed. It gave rise to a cause of action which had not existed prior to its adoption—a right to recover damages from the State which had not existed prior thereto because of the governmental immunity of the State from responding in damages for such cause of action. The 1945 amendment was not an act which merely deprived plaintiff of the right to sue the State. It is not retroactive. It operated *in futuro.* She still had the right *to sue* the State in the court of claims, under section 8 of the act. Furthermore, plaintiff has a vested right in a cause of action which arose while section 24 of the 1943 act creating that right was in effect. I do not agree that the 1945 amendment merely operated to deprive plaintiff of the right to bring suit against the State in the court of claims. Insofar as her right to recover damages in such suit as against the defense of governmental immunity, she has a vested right in her cause of action which arose at a time when the State had

waived the defense of governmental immunity and expressly assumed such liability. Our decisions are not open to the claim that the State has waived governmental immunity and assumed liability for damages where the *cause of action* arose either before or after the period of time (1943–1945) during which the State had expressly assumed liability. It was plainly pointed out by Justice Carr in the *Van Antwerp Case* that where the cause of action arose outside of the period during which the State had waived its defense and assumed liability, the State might defend on the ground of governmental immunity. To further repeat his opinion in part, Justice Carr quoted with apparent approval from 49 Am Jur, pp 315, 316, as follows:

" 'It is well established that by consenting to be sued the State does nothing more than waive its immunity from action. It does not thereby concede its liability in favor of the claimant or create a cause of action in his favor which did not theretofore exist. Thus, liability of the State for tort cannot be predicated upon the fact that the State has entered its general statutory consent to be sued, directing the manner in which suits may be brought by those having claims against the State. Neither does a special statute permitting suits on particular claims concede the justice of the claims. Statutory consent to be sued merely gives a remedy to enforce a liability and submits the State to the jurisdiction of the court, subject to its right to interpose any lawful defense.' "

The basic difference between a vested right of action created by statute, leaving a common-law right of action remaining, and the repeal of a remedy, rule of evidence, or a mode of procedure, was pointed out in *Bejger v. Zawadzki,* 252 Mich 14. While a majority of the Court there held that the repealer had taken away the statutory right to double dam-

ages which it had created, the unanimous conclusion of the Court was that the cause of action remained.

I differ with the Chief Justice in his answer to his inquiry, stated thus:

"Decision must depend upon analysis of the essence of the State's waiver of sovereign immunity in the 1943 act. Did it impose a liability on the State under certain circumstances and thus create a cause of action, a right, or did it amount merely to a consent to be sued, the affording of a remedy?"

I hold that section 24 of the 1943 act did impose a liability on the State under the circumstances referred to therein, and was not merely a consent to be sued. Therein we differ. Plaintiff's vested right in her cause of action against the State, while section 24 of the 1943 act was in effect, was not taken away by the 1945 repealer. We should not say, on the assumption that it took away the right to sue the State, that the 1945 repealer also deprived the plaintiff of her right to her cause of action. In *Duke Power Co. v. South Carolina Tax Commission* (CCA), 81 F2d 513, cited and quoted by the Chief Justice, the court concluded:

"As there is no separate provision of the repealing statute dealing with the remedy, the entire statute would necessarily be held invalid insofar as it applied to transactions occurring prior to its passage. The question in this respect is clearly ruled by the recent decision of the supreme court in *Lynch* v. *United States*, 292 US 571, at page 586 (54 S Ct 840, 78 L ed 1434). A statute which attempts by the same provision to destroy both a right and a remedy succeeds in destroying neither."

Consequently, I do not agree with the conclusion of the Chief Justice that:

"The 1943 act accomplished nothing more than waiver of immunity from suit. Language of the act

expressive of a purpose beyond that was mere surplusage, inasmuch as liability in tort arises under the general laws of the State. Since we conclude that the 1943 act did no more than give consent to be sued, it follows that the repealing act of 1945 operated only as a withdrawal of that consent. Such withdrawal stands as a barrier to plaintiff's suit despite the accrual of her cause of action prior to the withdrawal."

Under section 8 of the act, plaintiff had a right to sue the State in the court of claims. During the period of time between the effective date of PA 1943, No 237, and the repeal of section 24 in 1945, the plaintiff had a vested right in a cause of action against the State, "to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the State while acting as such officer or employee." The legislature, by PA 1943, No 237, had so declared, had conferred upon the court of claims the power "to hear and determine all such claims," and had declared that "the State hereby assumes *liability* for such acts."

For obvious reasons, the merits of plaintiff's claim are not here for consideration. The order denying the State's motion to dismiss is affirmed and the case remanded for further proceedings. No costs, appellee not having filed a brief in this Court.

ADAMS, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred with BOYLES, J.