George P. Chiagouris, Appellant, v. Constantine J. Jovan and William J. Jovan, Administrators of the Estate of James M. Jovan, Deceased, Appellee.

Gen. No. 48,969.

First District, Third Division.

October 2, 1963.

Echt and Getzoff, of Chicago (J. Edward Clair, of counsel), for appellant.

Seymour F. Simon, Joseph D. Teitelbaum and Nathan Wolfberg, all of Chicago, for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order of the Superior Court of Cook County dismissing a complaint for libel in a suit brought by the plaintiff, George P. Chiagouris, against Constantine J. Jovan and William J. Jovan, administrators of the estate of James N. Jovan, deceased, which dismissal was based on the ground that the death of James N. Jovan, the alleged libelant, abated the plaintiff's cause of action. The order dismissed the plaintiff's complaint with prejudice and without day, and stated that the order should be considered as a final order from which an appeal may be taken.

The statute under the provisions of which the court dismissed the plaintiff's suit is chapter 3, paragraph 339, of the Illinois Revised Statutes, which provides:

"In addition to the actions which survive by the common law, the following also survive: Actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance, or nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 14 of Article VI of 'An Act relating to alcoholic liquors' . . . ."

At common law all actions founded on tort abated at the death of either party. 1 ILP Abatement, sec 103; Olson v. Scully, 296 Ill 418, 421, 129 NE 841, 842; 1 CJS Abatement and Revival, sec 132; 1 Am Jur2d Abatement, Survival, and Revival, sec 51. The

common law maxim actio personalis moritur cum persona was held to apply. This rule has been in many jurisdictions, including Illinois, changed by statute. However, the statute from which we have just quoted provides that the actions of slander and libel are excepted therefrom, and under that statute an action for slander abates with defendant's death. 1 ILP Abatement, sec 109; 1 Am Jur2d Abatement, Survival, and Revival, sec 96. In considering such a statute the same rules apply as in the construction of any other statute. The statute should be given the meaning and effect which the legislature intended it to have, and should be construed with reference to the principles of the common law in force at the time of its passage. 1 CJS Abatement and Revival, sec 133. The survival of an action is purely a creature of statute. In Jones v. Barmm, 217 Ill 381, 75 NE 505, after the plaintiff had brought his action the defendant died. His administratrix was substituted as a party defendant. She filed a plea in abatement alleging the death of the defendant and that the cause of action as set forth in the declaration did not survive. The court in its opinion found that the suit was brought to recover for an alleged tort in interfering with plaintiff's business, and it held that at common law actions of tort did not survive the death of the sole plaintiff or defendant and that if the action survived it must be by virtue of the statute. There the plaintiff insisted that the action survived by virtue of section 122 of chapter 3, Hurd's Statutes of 1903, the provisions of which the court quoted in its opinion. The court said: "We cannot agree with this contention. In the section above quoted, actions of slander and libel are expressly excepted. The cause of action alleged in this declaration is to a certain extent in the nature of an alleged slander uttered by Barmm against plaintiff's business." The court further said:

"If the case comes under any provision of the statute it must be the one with reference to actions to recover damages for an injury to personal property. Taking into consideration the well known meaning of the term 'personal property' and the connection in which it is used in the statute, we are of the opinion that it was not the intention of the legislature that it should be applied to the right of action occasioned by the malicious interfering by one person with the business of another, but was intended to apply only to actions for damages to tangible articles and things movable,—to chattels, as distinguished from actions for damages to one's business.

"The action did not survive . . . ."

In Galeener v. Hessel, 311 Ill App 654, 37 NE2d 573 (Abst), the court said: "The suit was started in 1936 during the lifetime of Hessel, and the complaint as filed consisted of three counts. The first two counts charged slander, ill treatment and mental suffering resulting therefrom, upon which action abated with the death of Hessel in 1939." Also see annotation in 134 ALR 717; Insull v. New York World-Telegram Corp., 172 F Supp 615 (US District Court, ND Illinois, ED).

██ The plaintiff argues that the survival statute is remedial in character rather than penal and hence should be construed liberally, citing Northern Trust Co. v. Palmer, 171 Ill 383, 49 NE 553, and also argues that Article II, Section 19, of the Illinois Constitution provides that every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive to his person, property or reputation. In order to follow that argument it would in our opinion require us not to interpret the statute but to add to the statute and to refuse to follow the law as stated by our Supreme and Appellate Courts. The

argument which the plaintiff makes to us is one which should be addressed to the legislature and not to the courts.

The judgment of the Superior Court of Cook County is affirmed.

Affirmed.

SCHWARTZ, PJ and DEMPSEY, J, concur.