495 P.2d 571

**Anna Leigh STUCKI et al., Plaintiffs-Appellants.**

v.

**Alan S. LOVELAND, as Administrator of the Estate of Carrie S. Loveland Smith, Deceased, Defendant-Respondent.**

No. 10773.

Supreme Court of Idaho.

April 6, 1972.

Rigby & Thatcher, Rexburg, for plaintiffs-appellants.

Elam, Burke, Jeppesen, Evans & Boyd, Boise, for respondent.

St. Clair, St. Clair, Hiller & Benjamin, Idaho Falls, for respondent.

American Trial Lawyers Ass'n, Samuel Kaufman, Boise, amicus curiae.

McQUADE, Chief Justice.

In 1968 an automobile collision claimed the life of Mary Ann Stucki.  Mrs. Stucki's

minor children, by their grandfather and guardian ad litem, brought a wrongful death action, authorized by I.C. § 5–311,[1] against Carrie Loveland Smith.[2] When Mrs. Smith died during pendency of the action, the present respondent, administrator of her estate, was substituted pursuant to I.C. § 5–327.[3] The jury eventually found for the plaintiffs and judgment was entered for $10,000 after the trial court reduced a higher jury award, pursuant to the damage limitation provision of I.C. § 5–327.[4] On appeal, plaintiffs challenge the court's construction of the statute, and submit that the damage limitation provision violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. Because respondent did not cross appeal, the merits of the wrongful death action are not before us.

## I

We are unable to construe the statute to avoid the constitutional issue.[5] Appellants suggest we apply the $10,000 limitation to each child individually as a

"person injured" rather than limiting total damages to $10,000. But the limitation applies to "each person injured *or killed*," and preceding language vests the cause of action in "each injured person *or the personal representative of each one meeting death*" (emphasis supplied). "Injured person" in this statute clearly refers to the victim of the tort, not to each of her children. Appellants' interpretation would emasculate the phrases "or killed" and "or the personal representative of each meeting death," violating the fundamental rule, that language of a statute must be construed, if possible, to give force and effect to every part thereof.[6] Compliance with that rule precludes the suggested construction and compels us to reach the constitutional issue.

## II

At common law a tort action for personal injuries abated upon the death either of the injured person or of the tortfeasor.[7] In the latter case, the personal representative of the tortfeasor was not liable in his official capacity for personal injuries caused by the decedent during his lifetime.[8]

1. The statute provides, in pertinent part, as follows: "When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death * * *. [S]uch damages may be given as under all circumstances of the case may be just."

2. Summary judgment in favor of a co-defendant was upheld by this Court in *Stucki v. Loveland*, 93 Idaho 253, 460 P.2d 388 (1969).

3. When this cause of action arose and was tried the statute provided, in pertinent part, as follows: "Causes of action arising out of injury to the person, or death, caused by the wrongful act or negligence of another, * * * shall not abate upon the death of the wrongdoer, and each injured person or the personal representative of each one meeting death, as above stated, shall have a cause of action against the personal representative of the wrongdoer * * *. [I]n the absence of any applicable liability insurance covering the wrongful acts of the deceased wrongdoer,

the damages recoverable from his personal representative under the provisions of this act shall not exceed $10,000 for each person injured or killed * * *. [I]f no insurance coverage be existing or if the verdict exceeds the limit of applicable insurance, the court shall reduce the amount of said judgment accordingly."

4. *See* note 3, *supra*. This limitation was deleted by the legislature in extraordinary session, March 24, 1971. Idaho Sess. Laws, ch. 209 (1971).

5. This Court will not pass upon validity of a statute unless essential to disposition of the case. *Logan v. Carter*, 49 Idaho 393, 288 P. 424 (1930).

6. *Wright v. Village of Wilder*, 63 Idaho 122, 117 P.2d 1002 (1941).

7. *Baker v. Bolton*, 1 Camp. 493, 170 Eng. Rep. 1033 (1808); *Russell v. Cox*, 65 Idaho 534, 148 P.2d 221 (1944); Harper and James, Law of Torts, vol. 2, § 24.1, at 1284.

8. *See* the authorities collected in Annotations, 61 A.L.R. 830, 70 A.L.R. 1319, and 78 A.L.R. 600. Absent an applicable sur-

When actions for wrongful death were authorized in Idaho by I.C. § 5–311, this Court held that the common law rule, preventing recovery from the personal representative of the deceased tortfeasor, remained in force.[9] In response, the legislature enacted a survival statute, I.C. § 5–327, but inserted the damage limitation provision at issue in this appeal.

Appellants argue that the recovery limitation provision, when read in conjunction with I.C. § 5–311, creates and discriminates between two classes of plaintiffs asserting vested rights [10] in statutory wrongful death actions. Those suing the tortfeasor are entitled to recover fully the damages awarded by the trier of fact; but those suing the tortfeasor's representative may recover no more than $10,000.[11] This classification is presumed valid;[12] it conflicts with the equal protection clause [13] only if it cannot be construed to reflect a reasonably conceivable, legitimate public purpose,[14] or if it fails to relate reasonably to the ascribed purpose.[15] Moreover, on the facts of this case, it appears that if the classification meets these tests it cannot discriminate so unjustifiably as to deny substantive due process.[16] Neither does the classification, if otherwise valid, infringe upon procedural due process so long as the damage limitation provision is applied uniformly within the created class.[17] Consequently, it is unnecessary to examine the damage limitation provision beyond the context of equal protection.

The legislature's enactment of I.C. § 5–327, extinguishing the common law rule of abatement upon death of the tortfeasor, removed what we have termed "a vestige of the ancient concept of violent torts * * * [which owed] its existence to historical accident and blind adherence to precedent." [18] A parallel view was expressed by the late Justice Harlan, in Morague v. States Marine Lines, Inc.,[19] as he traced the common law rule to merger of tort remedy and criminal punishment, a doctrine rejected in twentieth century

vival statute, the action abated whenever the tortfeasor died before the action was ready for rendition of final judgment. Chiagouris v. Jovan, 43 Ill.App.2d 220, 193 N.E.2d 205 (1963); Gosling v. Nichols, 59 Cal.App.2d 442, 139 P.2d 86 (1943).

9. Moon v. Bullock, 65 Idaho 594, 151 P.2d 765 (1944).

10. 1 Lewis' Sutherland Statutory Construction (2d Ed.) § 284, *quoted in* Minty v. State Bd. of Auditors, 336 Mich. 370, 58 N.W.2d 106, at 112 (1953): "[A] statutory right of action for damage to person or property, which has accrued, is a vested right * * * to be protected."

11. If the tortfeasor is insured beyond $10,000, the statute appears to permit recovery to the extent of the policy coverage. In the present case, Mrs. Smith was insured only for $10,000.

12. E. g., Rich v. Williams, 81 Idaho 311, 341 P.2d 432 (1959).

13. *See also* Art. I § 2 of the Idaho Constitution: "All political power is inherent in the people. Government is instituted for their equal protection and benefit * * *."

14. *See*, e. g., Weller v. Hopper, 85 Idaho 386, 379 P.2d 792 (1963); Hartford Steam Boiler I. & Ins. Co. v. Harrison, 301 U.S. 459, 57 S.Ct. 838, 81 L.Ed. 1223 (1937). The more rigorous tests of purpose (e. g., "compelling state interest") applied to "suspect" classifications based on race, national origin and alienage, or to infringements of "fundamental interests" such as voting, procreation and rights regarding criminal procedure, are not applicable to the present case.

15. Pigg v. Brockman, 79 Idaho 233, 314 P. 2d 609 (1957); McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964).

16. *Compare* Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954); *see generally* Chief Justice Taft's treatment of equal protection and due process in Truax v. Corrigan, 257 U.S. 312, 331–333, 42 S.Ct. 124, 66 L.Ed. 254 (1921).

17. In Re Mallon, 16 Idaho 737, 742, 102 P. 374 (1909).

18. Doggett v. Boiler Engineering & Supply Co., 93 Idaho 888, 890, 477 P.2d 511, 513 (1970); *see also* Publix Cab Co. v. Colorado Nat'l Bank of Denver, 139 Colo. 205, 338 P.2d 702 (1959).

19. 398 U.S. 375, 381, 90 S.Ct. 1772, 26 L. Ed.2d 339 (1970).

England[20] and never adopted in this country.[21]

■ Because I.C. § 5–327 removed this anomaly from the law, it extended protection previously nonexistent to tort victims and their heirs. The damage limitation provision established a balance by protecting the legitimate expectancy interests of the tortfeasor's innocent heirs. The recovery limitation operated to shield the deceased tortfeasor's estate from depletion by a personal injury claim exceeding $10,000. Thus, in a wrongful death action, the competing interests of both sets of heirs were recognized and afforded some protection as part of a statutory scheme to allocate the loss resulting from the tortfeasor's conduct. This allocation avoided the undue hardship imposed on one set of heirs or the other if unlimited recovery were permitted, as appellants advocate, or if all recovery were barred, as the common law required. Moreover, as it avoided these private hardships, the allocation of loss also reduced the risk borne by society that a set of heirs would be cast by misfortune in the role of public charges. This alleviation of private and public burdens flowed directly from the classification created by the recovery limitation provision. It constituted a reasonably conceivable, legitimate public purpose; and it supports the limitation provision against equal protection attack in this appeal.

■ The operation of the provision in the present case appears to demonstrate a reasonable relationship to its ascribed purpose. The Stucki heirs will take $10,000, while the main body of Mrs. Smith's estate will be preserved to provide for her heirs, if any. Appellants suggest that there may be instances where the tortfeasor's estate is very small or very large, or where the tortfeasor has no dependent heirs. In such cases the recovery limitation, were it still in effect, might afford protection that would be either inadequate or unnecessary, and thus fail to relate reasonably to its ascribed purpose as applied in those cases. However, appellants have made no attempt to show such a failure as applied in the present case. The burden establishing the unconstitutionality of a statute is upon the party asserting it, and the invalidity must be clearly shown.[22] That burden has not been carried by these appellants.

The judgment of the district court is affirmed. Costs to respondent.

Justice Spear participated in the hearing, but retired prior to the decision.

McFADDEN and DONALDSON, JJ., and OLIVER, District Judge, concur.

20. Admiralty Commissioners v. S. S. Amerika [1917] A.C. 38.

21. Prosser, Law of Torts (3d Ed. 1964) § 120, at 920.

22. Leonardson v. Moon, 92 Idaho 796, 451 P.2d 542 (1969).