MR. JUSTICE SHEEHY,
dissenting:
I dissent.
We should not approve on any ground an outright refusal of state employees in managerial position to flout the applicable statutory law. At the time Femling applied for state employment at the University, he had a statutory right to preference, which he claimed. His right to that employment became vested with his claim for preference. The statute granting veterans’ preference should have been then obeyed.
An accrued statutory right of action is a vested right and is to be protected. Stucki v. Loveland (1972), 94 Idaho 621, 495 P.2d 571, 573. Giving retroactive effect to the repeal of Section 10-2-203, MCA deprives Femling of an accrued statutory right. It was no longer a possible gratuity. His preference vested, but is now stripped away. I would reverse with instructions to accord him his rights as a veteran.