628 P.2d 1048

**Dell HOLMES, individually and as Personal Representative of the Estate of Claire Holmes, Plaintiff-Appellant,**

v.

**HENDERSON OIL COMPANY, a partnership consisting of Joe Henderson and Joe Howard Henderson, Defendants, Third Party Plaintiffs and Respondents,**

v.

**HOLMES CONSTRUCTION COMPANY, a partnership consisting of Keith Holmes and Kay Holmes, husband and wife, Ralph Holmes and Jean Holmes, husband and wife, Harold Holmes, deceased, and Shirley Holmes, Widow of Harold Holmes, and Roger Holmes, Distributee of the Estate of Harold Holmes, Third Party Defendants and Respondents.**

No. 13330.

Supreme Court of Idaho.

May 15, 1981.

Lawrence H. Duffin, Duffin, Coughlan, Workman & Barker, Burley, for plaintiff-appellant.

William A. Parsons, Parsons, Smith & Stone, Burley, Larry R. Duff of Goodman, Duff & Chisholm, Rupert, for defendants, third party plaintiffs and respondents.

**PER CURIAM.**

Dell Holmes and his wife, then living but since deceased, brought this action in their individual capacities, seeking to impress certain easements against adjacent properties owned by Henderson Oil Company, which Henderson Oil Company had purchased from Holmes Construction Company (a partnership in which Dell Holmes and his wife had no interest). Henderson Oil Company in turn filed a third party action against Holmes Construction Company. In answering the Dell Holmes complaint, Henderson Oil Company sought an adjudication that its property was free of any easements claimed by Dell Holmes and wife. The third party action sought to pass on to Holmes Construction Company any liability which might be adjudged against Henderson Oil Company in the main action brought by Dell Holmes and wife. Every party sought attorney fees as well. Following the filing of the main action, Holmes Construction Company and Dell Holmes executed mutual releases of liability other than as to claims involved in the main action brought by Dell Holmes and wife against Henderson Oil Company.

The Dell Holmes property had been acquired from Holmes Construction Company for residence purposes, Dell Holmes and wife built upon it, and some years later they put title in Dell Holmes, Inc., an Idaho corporation.

The Dell Holmes and wife residence parcel was identified in some documents by a metes and bounds description, and in others by a tax number. This may have created some confusion as to the actual placement of legal title—but there seems to be no contention that it was not owned by Dell Holmes and wife or by the corporation which they in turn owned.

During the pleading stage Henderson Oil Company moved to dismiss the Dell Holmes complaint against it—the motion being based upon failure to join an indispensable party, to-wit, Dell Holmes, Inc. Holmes Construction Company sought dismissal by way of motion for summary judgment, based upon the lack of title in Dell Holmes and wife, the execution of the release, and the assertion that only punitive damages were sought against them.

Dell Holmes moved to substitute his corporation, Dell Holmes, Inc., as plaintiff. The motion was denied by order without opinion and all claims were dismissed.

■ We believe that the trial court should not have dismissed the various claims, counterclaims, and cross-claims, and that Dell Holmes, Inc., should have been brought into the action as a party plaintiff, either by substitution, or as an additional necessary party so that the entire conflict could have been resolved without resort to the bringing of further actions.

I.R.C.P. 17(a) provides in part that:

"Every action shall be prosecuted in the name of the real party in interest. . . . *No action shall be dismissed on*

*the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed* after objection for ratification of commencement of the action by, or joinder or *substitution of, the real pary in interest*; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." (Emphasis added.)

It would appear from the plain language of I.R.C.P. 17(a) that a motion to substitute party plaintiff is the correct procedural device for responding to an objection that the plaintiff is not the real party in interest. The district court's ground for granting the motion to dismiss was that Dell Holmes, et ux., individually did not have a claim against the respondents in that "[p]laintiff, Dell Holmes has conveyed his interests to Dell Holmes, Inc., a nonparty, on December 27, 1976."

It will be noted that the rule also provides for *joinder* of the real party in interest, as well as substitution.

I.R.C.P. 19(a)(1), which was apparently designed to serve the function of now repealed I.C. § 5–324,[1] provides for joinder of persons subject to service of process if necessary to complete relief to those who are already parties, and, as did the former statute, provides that the court itself may so order. I.R.C.P. 21, captioned "Misjoinder and nonjoinder of parties," provides that misjoinder, and inferentially nonjoinder, "is not ground for dismissal of an action." It further provides that "[p]arties may be dropped or added by order of the court on motion of any party *or of its own initiative* at any stage of the action and on such terms as are just." (Emphasis added.)

As it appears to us, the confusion as to placement of the legal title to the residence parcel would have been laid to rest by having both Dell Holmes and wife and Dell Holmes, Inc., as parties plaintiff and the action could have proceeded, eventually resolving not only the ownership of the residence parcel, but all other triable issues as well. Other provisions in our own rules of civil procedure suggest that I.R.C.P. 17(a), 19(a)(1), and 21 should be read not only just to allow, but to require, the granting of the Dell Holmes motion. I.R.C.P. 1(a) directs that "[t]hese rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." We noted in *Sines v. Blaser*, 98 Idaho 435, 566 P.2d 758 (1977), that I.R.C.P. 1 was designed to further "our general policy of providing [litigants their] day in court . . . ," 98 Idaho at 437, 566 P.2d at 760, and that the rule "is a constant reminder that the rules are to be liberally construed, and a just result is always the ultimate goal to be accomplished." 98 Idaho at 439, 566 P.2d at 762. Denying Dell Holmes' motion to substitute party plaintiff hardly served to perpetuate the policy of securing a just, speedy and inexpensive determination.[2]

We can see no prejudice or harm to respondents in substituting Dell Holmes, Inc., for Dell Holmes in this case, or in simply bringing the corporation in as another party plaintiff. As the court in *Hyatt Chalet Motels, Inc. v. Salem Bldg. & Constr. Trades Council*, 298 F.Supp. 699 (D.Or.1968), noted, where all that is sought is to change the name of the party plaintiff, "[t]he error goes to form, rather than substance, and the error could have been corrected by a simple amendment under Rule 17(a)." 298

---

1. I.C. § 5–324, in language most explicit, provided that "when a complete determination of the controversy can not be had without the presence of other parties the court *must* then order them to be brought in, and to that end may order amended and supplemental pleadings, or a cross-complaint . . . ." (Emphasis added.)

2. Counsel for both parties stipulated at trial that Dell Holmes, Inc., has been forced to file another action in district court pending the outcome of this appeal. This is exactly the duplicative and technical sort of pleading which our rules are designed to prevent. Forcing Dell Holmes, Inc., to file a new and separate complaint, when the cause of action if the motion to substitute were allowed would be *exactly the same* as that filed by Dell Holmes, can hardly be said to produce a "just result."

F.Supp. at 703–4. No real purpose was served in denying the Dell Holmes motion to substitute as party plaintiff the corporation the ownership of which was ostensibly his.

■ Holmes Construction Company argues that even if Dell Holmes is allowed to substitute Dell Holmes, Inc., as party plaintiff, Dell Holmes has signed a release from liability in favor of Holmes Construction Co. Respondent Holmes urges, and the district court found, that this release from liability covers the suit at issue here. We disagree for two reasons. First, the release is from Dell Holmes personally, not Dell Holmes, Inc. In light of our holding that Dell Holmes, Inc., should have been substituted or brought in as party plaintiff, the release simply is not applicable.[3] Secondly, we believe that the district court misinterpreted the terms of the release. The pertinent section of the release provides that:

> "WHEREAS, the parties desire by this agreement to settle all differences currently existing between them, Save and Except, this settlement shall not affect any claims which Dell Holmes may have by virtue of the sale of certain property adjacent to the home of Dell Holmes in which there is currently pending a lawsuit between Dell Holmes and others and it is the intention of the parties by the execution of this release to settle all their differences, Save and Except, any differences involved in said lawsuit concerning the Dell Holmes residence and right-of-ways and easements concerning the same."

At the time that this release was executed, Holmes Construction Company was not a party to the suit against Henderson Oil Company, *i. e.*, the "lawsuit concerning the Dell Holmes residence and right-of-ways and easements concerning the same." Holmes Construction Company argues that when they were subsequently brought into the action, the lawsuit became "different," and thus subject to the release. We do not

accept this argument. If the lawsuit exempted from the release could be changed to one included in the release merely by adding Holmes Construction Company as a third party defendant, the exemption language would be pointless. Obviously, the exemption language means that the release from liability was not intended to apply to Dell Holmes' claims against Holmes Construction Co. arising out of the "Dell Holmes residence and right-of-ways and easements concerning the same." We so hold.

■ Finally, respondent Holmes Construction Company argues that its motion for summary judgment could properly be granted because Dell Holmes' claim against Holmes Construction Company asks only for punitive damages. We are not persuaded. Dell Holmes' amended complaint, referring to Holmes Construction Company, states that "[i]f any of the easements herein described are not specifically enforced, the value of the plaintiffs' property will be substantially and disproportionately decreased, if not destroyed, resulting in actual damages to plaintiff, the specific amount of which cannot now be determined." The prayer of the complaint asks "[t]hat should any of the easements described herein not be specifically enforced, the plaintiff be awarded his actual damages resulting from such loss." The complaint clearly pleads a claim for actual damages.

The judgment is reversed and the cause remanded with instructions that the Dell Holmes motion be reconsidered in light of the views herein expressed, and for further proceedings consonant with this opinion.

Costs to appellants.

---

**3.** Since we also hold that the release does not by its terms exclude Dell Holmes' claim against Holmes Construction Co., allowing substitution of Dell Holmes, Inc., as party plaintiff does not deprive Holmes Construction Co. of an otherwise available defense.