771 P.2d 920

**CONDA PARTNERSHIP, INC.,
Plaintiff–Appellant,**

v.

**M.D. CONSTRUCTION CO., INC.,
Defendant–Respondent.**

**No. 17259.**

Court of Appeals of Idaho.

April 11, 1989.

David H. Maguire of Ward, Maguire, Bybee & Kline, Pocatello, for plaintiff-appellant.

William D. Olson of Racine, Olson, Nye, Cooper & Budge, Pocatello, for defendant-respondent.

PER CURIAM.

This lawsuit concerns the collapse of a storage bin built by M.D. Construction, Inc. The suit was filed by an entity known as Conda Partnership. We are asked to decide two procedural questions: (1) whether the district court properly denied Conda's motion to amend its complaint by substituting or joining another party plaintiff; and (2) whether the court properly granted M.D. Construction's motion for summary judgment. We reverse the district court's order denying Conda's motion to amend. We vacate the summary judgment for M.D. Construction. We remand for further proceedings.

Some background facts are helpful. Conda (a partnership, not a corporation as designated in the pleadings) is comprised of two corporate entities: Beker Industries, Inc. (Beker) and Western Cooperative Fertilizers, Inc. (Western). Conda was formed to operate a mining concern in Conda, Idaho. Beker was the managing partner. When Beker solicited bids for disassembling and reconstructing a 6,000 ton rock storage bin, M.D. Construction was the successful bidder. Throughout the contracting and construction process, the only business entity M.D. Construction worked with was Beker. The record is barren of any evidence showing M.D. Construction knew of or worked with Conda.

Two years after the storage bin was completed, it collapsed. Conda eventually brought this action against M.D. Construction. In its answer, M.D. Construction denied any contractual relationship with Conda and asserted either that the real party in interest had not been named or that an indispensable party had not been joined. Two years later, in August, 1986, M.D. Construction filed its motion for summary judgment based upon Conda's failure to substitute or to join a proper party plaintiff and upon the running of statutes of limitation. A month later Conda filed a motion to amend its complaint to substitute or to join as real parties in interest, Beker and Western. A hearing was held on both motions in January 1987. By a memorandum decision and order the district court denied Conda's motion and granted M.D. Construction's motion. The court expressed four reasons for its decision: Conda presented no evidence showing it had standing to bring this action; there was no proof that Beker had authorized Conda to bring this action; there was no proof that the contract with M.D. Construction was an asset of Conda; and Conda was untimely in filing its motion to amend.

■ Obviously, the grant of summary judgment was based upon the procedural flaw of failing to timely substitute or to join a proper party plaintiff. The district court did not rely on any statute of limitation in granting summary judgment. If Conda had been allowed to substitute or join Beker as the real party in interest, the reasons given by the district court for the summary judgment would have been obvi-

ated. Therefore, if the district court abused its discretion in denying Conda's motion to amend, the concomitant entry of summary judgment would have been inappropriate. Consequently, the underlying issue in this case is whether Conda untimely filed its motion to amend.

The applicable rule is I.R.C.P. 17(a). In pertinent part Rule 17(a) provides: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a *reasonable time has been allowed after objection* for ... joinder or substitution of, the real party in interest; ·...." (Emphasis added.) The decision to grant motions under Rule 17(a) rests within the trial court's discretion. In exercising such discretion the trial court should follow the liberal construction given Rule 17(a)—encouraging the granting of motions to amend. The court should also further the policy favoring the just resolution of actions—providing litigants their day in court. *Holmes v. Henderson Oil Co.,* 102 Idaho 214, 628 P.2d 1048 (1981).

▮ Moreover, Rule 17(a) is designed to prevent forfeiture when determination of the proper party is difficult or when an understandable mistake has been made in selecting the party plaintiff. Nevertheless, if the real party in interest is not joined or substituted within a reasonable time, the trial court should dismiss the suit. What constitutes a reasonable time depends upon the facts of each case. *See* 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1555, at 705, 708–09 (1971). In determining a reasonable time, trial courts should consider the good faith of the plaintiff and the prejudice, if any, experienced by the defendant. *See, e.g., Brohan v. Volkswagen Mfg. Corp.,* 97 F.R.D. 46 (E.D.N.Y.1983); *Unilever, Ltd. v. M/T Stolt Boel,* 77 F.R.D. 384 (S.D.N.Y. 1977); *Holmes v. Henderson Oil Co., supra; Chavez v. Regents of the University of New Mexico,* 103 N.M. 606, 711 P.2d 883 (1985). In support of its position, M.D. Construction cites *Hobbs v. Police Jury of Morehouse Parish,* 49 F.R.D. 176 (W.D.La. 1970), for the proposition that the reason-

able-time approach to motions under Rule 17(a) is not followed in a case where no understandable mistake has been made in naming the plaintiff. This is because Rule 17(a) is not intended to validate claims filed without any real basis but with the hope that a proper party will eventually materialize in order to benefit from suspended statutes of limitation. However, this principle has no application to cases in which substitution of the real party in interest is necessary to avoid injustice. *See* 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1555, at 707–08 (1971).

Here, Conda gave an understandable explanation of why it was named as plaintiff instead of Beker, based upon the relationship between a managing partner and the partnership. Extensive discovery has been conducted by both sides. Conda has provided all requested documents to M.D. Construction; most, if not all, of the documents have been in Beker's possession. M.D. Construction has deposed several Beker employees. The underlying facts giving rise to this action are understood by both parties. M.D. Construction has not indicated it was unsure about the events at issue. From our review of the record, Conda appears to have acted in good faith. There is no indication that M.D. Construction has experienced any real prejudice because of the time span involved. A great injustice would result if the legitimate claims were defeated by the simple error of form when the mistake is so easily corrected. Under the facts of this case, the two-year period of time between M.D. Construction's answer objecting to the designated plaintiff and Conda's filing of its motion to amend is not unreasonable. Accordingly, we hold that the district court abused its discretion in denying Conda's motion. The entry of summary judgment was inappropriate.

▮ On appeal, M.D. Construction postulates another theory to support the district court's decision. Based upon a provision in the construction contract limiting its warranty for quality workmanship to three years, M.D. Construction argues that this

is a bargained-for period of limitation. We disagree. The provision merely recites the duration of a warranty, not a limitation period for lawsuits.

The order of the district court denying Conda's motion to amend is reversed. The summary judgment entered for M.D. Construction is vacated. The case is remanded for further proceedings. Costs to appellant, Conda Partnership. No attorney fees on appeal.