953 P.2d 980

Barbara HOUGH, Plaintiff–Appellant,

v.

Robert A. FRY and Elizabeth G. Fry, husband and wife, dba Gem Physical Therapy Clinic and Chip Sands, an individual, Defendants–Respondents.

No. 23781.

Supreme Court of Idaho,
Boise, January 1998 Term.

March 19, 1998.

Goicoechea Law Offices, Chtd., Nampa, for appellant. John C. Keenan argued.

Quane, Smith, Howard & Hull, Boise, for respondents. Richard L. Stubbs argued.

TROUT, Chief Justice.

This is an appeal from the district court's denial of a motion to amend a complaint for medical malpractice and grant of summary judgment in favor of the defendants.

## I.

## BACKGROUND

Barbara Hough was sent by her orthopedic surgeon to Gem Physical Therapy in Emmett to receive physical therapy for chronic ankle instability. Gem Physical Therapy is owned by the defendant-respondents, Robert and Elizabeth Fry. Hough's case was assigned to defendant-respondent Chip Sands, a physical therapist employed by Gem Physical Therapy. Sands asked Hough about her medical history and examined her ankle. Based on his examination, Sands recommended a regime of strengthening exercises. Part of the recommended regime was the use of a balance board to strengthen side movement of her ankle. Originally, Hough used the balance board in conjunction with parallel bars. which she used for support. Eventually Sands determined that Hough had progressed to the point where she could use the balance board without the aid of the parallel

bars. To aid Hough in using the balance board without the parallel bars, Sands offered to use his hands to give Hough support. As Hough stepped onto the high end of the balance board, the board shot away and she fell on her buttocks. At this point the facts as offered by the parties conflict, however the differences are not relevant to the determination of the case. Sands testified that immediately after Hough fell he checked her for injuries and found none. In addition, Sands testified that after the fall, Hough continued unaided on the balance board for two minutes and left without evidence of a limp. In contrast, Hough contends that immediately after the fall, she experienced pain in her neck and back and was later treated with surgery to her neck.

Hough filed suit alleging that Sands did not use reasonable care in providing professional services (physical therapy) to her and that the Frys, as Sands' employers, were vicariously liable. The Frys and Sands (the defendants) moved for summary judgment. In opposition to the motion for summary judgment, Hough presented the affidavit of a physical therapist from Orofino, that Sands had failed to meet the community standard of care for Orofino as required by I.C. §§ 6–1012, 1013. Hough contended that because there were no physical therapists practicing in Emmett who were not affiliated with the defendants, she could not determine the community standard of care for Emmett, but instead had to rely on Orofino, a comparable community. The defendants contended that physical therapists not associated with them did practice in Emmett. The district court, however, denied the motion for summary judgment. In response to interrogatories, Hough was provided with the names of three physical therapists not associated with the defendants who practiced in Emmett. Hough forwarded these names to her expert. After contacting the three therapists, Hough's expert changed his opinion and testified in a deposition that he believed that Sands had met the community standard of care for Emmett. Hough then moved to amend her complaint to sound in ordinary negligence rather than malpractice. The defendants opposed the motion to amend and renewed their motion for summary judg-

ment. After a hearing, the district court denied the motion to amend on the basis that amendment would be fruitless since I.C. § 6–1012 would still apply. The court then granted defendants' motion for summary judgment and Hough timely appealed.

## II.

## STANDARD OF REVIEW

■ A court's decision to allow the amendment of pleadings is reviewed for an abuse of discretion. *Southern Idaho Production Credit Ass'n. v. Gneiting,* 109 Idaho 493, 708 P.2d 898 (1985). When determining whether a trial court has abused its discretion, this Court asks: "(1) whether the court correctly perceived the issue as one of discretion; (2) whether it acted within the outer boundaries of that discretion and consistently with any applicable legal standards; and (3) whether it reached its decision by an exercise of reason." *State v. McCoy,* 128 Idaho 362, 365, 913 P.2d 578, 581 (1996) (citation omitted). In its order and judgment, the district court clearly indicated that it viewed its decision not to allow amendment of the pleadings as one of discretion. Thus, we need only decide whether the district court applied the correct legal standard and whether the court reached its decision by an exercise of reason.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). Hough concedes that if I.C. § 6–1012 applies then the defendants are entitled to judgment as a matter of law. Because we hold that I.C. § 6–1012 does apply, we will not address the district court's grant of summary judgment.

## III.

## MOTION TO AMEND

■ The relevant language of I.C. § 6–1012 provides that:

"In any case, claim or action for damages due to injury to or death of any person, brought against any ... provider of health care, including, without limitation, any ...

physical therapist ... or any person vicariously liable for the negligence of them or any of them, on account of the provision of or failure to provide health care or on account of any matter incidental or related thereto, such claimant or plaintiff must, as an essential part of his or her case in chief, affirmatively prove by direct expert testimony ... that such defendant then and there negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided...."

Expert testimony is not a prerequisite to filing a complaint, but expert testimony is required if the claim is to survive a motion for summary judgment. *Badell v. Beeks,* 115 Idaho 101, 765 P.2d 126 (1988).

▪ Hough argues that I.C. § 6–1012 is not implicated in all tort actions in which the defendant is a health care provider. This statement is indisputable since the language of the statute limits its application to damages resulting from "the provision of or failure to provide health care." I.C. § 6–1012. Hough, however, does not stop there, but further reads into the statute an exemption if the negligence complained of is "ordinary negligence." Hough contends this ordinary negligence exception applies when the act complained of requires no specialized skill or knowledge. In this case, Hough argues that Sands' support of her while she was on the balance board required no professional knowledge or judgment and so I.C. § 6–1012 does not apply. We find this argument unconvincing.

▪ "It is well-established that the clearly expressed intent of the legislature must be given effect, thus leaving no occasion for construction where the language of the statute is plain and unambiguous." *State v. Barnes,* 124 Idaho 379, 380, 859 P.2d 1387, 1388 (1993) (citation omitted). In adopting I.C. § 6–1012, the Legislature declared it in the public interest that the liability exposure of health care providers "be limited and made more definable by a requirement for direct proof of departure from a community standard of practice." 1976 Idaho Sess. Laws, 951. There is nothing in the statute or its statement of purpose to indicate that the type of negligence, ordinary or professional, has anything to do with the application of § 6–1012. Rather, by its plain and unambiguous language, the statute applies when the damages complained of result from providing or failing to provide health care. Thus, to determine if I.C. § 6–1012 applies, courts need only look to see if the injury occurred on account of the provision of or failure to provide health care.

Hough's complaint, in either its original or amended form, alleges that the injury occurred while Sands was providing her with physical therapy, a type of medical care specifically covered by § 6–1012. Hough argues, however, that in deciding whether § 6–1012 applies, a court should examine each act that occurred while providing health care to determine if the act required professional skill or judgment. Hough's interpretation goes against the plain language of the statute. Section 6–1012 requires plaintiffs to provide expert testimony in any action arising "on account of the provision or failure to provide health care." The language of the statute clearly treats the provision of health care as a single act and not a series of steps, each of which must be analyzed to determine if it involved professional judgment. Since I.C. § 6–1012 clearly applies, the district court did not abuse its discretion in holding that to allow Hough to amend her complaint would be fruitless.

▪ Hough argues that § 6–1012 should not be read to require expert testimony every time a provider of medical care is sued for negligence. We agree. We can conceive of circumstances where the alleged act of negligence is so far-removed or unrelated to the provision of medical care that § 6–1012 would not apply. This, however, is not one of those cases. The act complained of was so directly related to providing Hough with physical therapy that it cannot be reasonably argued that § 6–1012 does not apply.

## IV.

### ATTORNEY FEES

▪ The respondents have requested attorney fees on appeal. Courts have authori-

ty to grant reasonable attorney fees on appeal under a number of statutes and rules, including I.C. § 12–121 and I.A.R. 41. Attorney fees will be awarded pursuant to I.C. § 12–121, however, only when an appeal is "brought frivolously, unreasonably and without foundation." *Keller v. Rogstad,* 112 Idaho 484, 489, 733 P.2d 705, 710 (1987). Because, most appeals are not utterly without foundation, as a rule, we do not award attorney fees on appeal. This case, however, provides an exception. Hough's argument that I.C. § 6–1012 does not apply goes against the clear and unambiguous language of the statute. In addition, Hough cannot point to any language in the statute, its legislative history or Idaho case law which supports her position.

Especially damaging to Hough's contention that the appeal was brought in good faith is the evidence in the record that Hough herself believed that § 6–1012 applied right up until the time her expert changed his opinion. The record demonstrates that Hough had asked the district court for a continuance in order to obtain an expert. Hough then obtained an expert to testify that Sands did not meet the community standard of care as required by I.C. §§ 6–1012 and 1013. The record also contains a letter from Hough's attorney to her expert in which the attorney explains what the expert must do in order to meet the requirements of §§ 6–1012 and 1013. Thus, the evidence in the record strongly suggests that Hough herself believed that the accident was covered by § 6–1012, and it was not until she was left without an expert to support her position that she developed the theory she now presents on appeal. Because we find Hough's appeal to be frivolous, unreasonable and without foundation, we award reasonable attorney fees to the respondents.

## V.

### CONCLUSION

For the reasons stated above, the decision of the district court to deny the motion to amend is hereby affirmed. Costs and rea-

sonable attorney fees on appeal are awarded to the respondents.

JOHNSON, SILAK, SCHROEDER and WALTERS, JJ., concur.