33 P.3d 816

Alfred S. HAYWARD, Personal Representative of the Estate of Delbert Lewis Hayward, deceased, Plaintiff–Appellant,

v.

VALLEY VISTA CARE CORPORATION, a non-profit corporation, d/b/a Valley Vista Care Center, Scott F. Burpee and Jan Burpee; Jack's Pharmacy, Incorporated; Jack Botts; Chad Brown; Nancy Renfrew; Jerrold E. Park and Richard K. Thurston, M.D., Co Personal Representatives of the Estate of W. Dyce Thurston, M.D., Defendants–Respondents.

No. 26008.

Supreme Court of Idaho, Coeur d'Alene, April 2001 Term.

Sept. 28, 2001.

Cody Law Office, Coeur d'Alene; Eymann, Allison, Hunter & Jones, LLC, Spokane; for appellant.   Debra L. Stephens argued.

Christensen & Doman, St. Maries, for respondent Valley Vista.   Andrew P. Doman argued.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for respondent Jack's Pharmacy, Inc. Eugene L. Miller argued.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for respondents Park and Thurston.   Troy Y. Nelson argued.

KIDWELL, Justice.

Alfred S. Hayward (Alfred), personal representative of his father's estate, appeals the lower court's ruling denying Alfred's motion to amend his state court complaint to add a wrongful death claim and the lower court's ruling granting summary judgment dismissal of Alfred's remaining state court claims.

## I.

### FACTS AND PROCEDURAL HISTORY

Delbert Hayward (Delbert), an eighty-five-year-old resident of northern Idaho, lived at his home in Emida, Idaho, with the assis-

tance of home health care providers. In order to continue the home health care services, the Idaho Department of Health and Welfare required Delbert to submit to periodic medical evaluations.

Delbert was admitted into Kootenai Medical Center on February 22, 1994, in order for the required evaluation to be conducted. On March 4, 1994, Delbert was released to a personal care home in Hayden Lake, Idaho. He was admitted back into Kootenai Medical Center on March 10, 1994, when he refused to eat and wanted to return to his home. After being discharged from Kootenai Medical Center for the second time, Delbert was admitted to Valley Vista Care Center (Valley Vista), a nursing home facility in St. Maries, Idaho. He resided at Valley Vista from March 11, 1994, until his death on February 16, 1995.

On February 14, 1997, Alfred S. Hayward, a surviving son of the decedent and a resident of Oregon, filed two complaints. One, a wrongful death action, was filed in federal district court. The other, a complaint consisting primarily of contractual allegations, was filed in state court. The state court complaint was brought on behalf of the estate of Delbert Hayward and sought to recover medical expenses. Both complaints contained identical factual allegations. The defendants named in both complaints were Valley Vista and various health care professionals that provided services to Valley Vista.

In Alfred's complaint, he claimed that his father was falsely imprisoned in the nursing home and that the negligent care he received there, including the injection of high dosages of the drug Haldol, attributed to his father's death. Alfred also alleged that the defendants breached duties imposed on them by the terms of Alfred's admission agreement, as well as duties imposed under federal and state law. Alfred's wrongful death claim filed in federal district court asserted diversity of citizenship, based on the fact that Alfred was a resident of Oregon, his brother and sister were residents of Washington, and the defendants were all residents of Idaho.

On March 10, 1997, the defendants moved to dismiss the federal court action based on lack of diversity jurisdiction and because

there were "identical wrongful death claims in both courts." The defendants argued that diversity could not be maintained since a personal representative is deemed to be a resident of the decedent's state of residency. In this case, since Delbert was a resident of Idaho, Alfred's state of residency was also Idaho. Consequently, the diversity requirements were no longer satisfied.

On February 6, 1998, the federal court granted a motion filed by Alfred to amend the complaint (to change the plaintiff's status from personal representative to heir) and denied the defendants' motion to dismiss. On June 8, 1998, Alfred moved the federal court to exercise supplemental jurisdiction over the state court claim for breach of contract. The federal court declined to do so on November 18, 1998.

The defendants moved the court to reconsider it's denial of the motion to dismiss for lack of subject matter jurisdiction. On February 24, 1999, the federal court dismissed the federal claim in its entirety, finding that the court lacked subject matter jurisdiction over the complaint when it was originally filed and that it had erred in its previous decision. The court found that Alfred was not entitled to change his status from personal representative to "heir" in order to create diversity.

On March 10, 1999, Alfred moved the court to amend the state court complaint to add the claim of "loss of love and affection of their father," which, in effect, served to add a claim for wrongful death.

On April 7 and 8, 1999, defendants Thurston and Valley Vista moved the trial court for summary judgment dismissal of the breach of contract claims, as well as for the dismissal of the entire case. These motions were granted by the trial court judge on June 18, 1999.

The district court found that the plaintiff was not allowed to amend the state court complaint to add the wrongful death action. In making this determination, the district court focused on two key factors. First, the district court noted that the statute of limitations had run for the wrongful death action. Second, the court highlighted the fact that

the plaintiff had brought the claim as personal representative, not as heir. According to the district court, even if the statute of limitations could have been avoided through the "relation-back" doctrine, the fact that the complaint was brought by the personal representative, instead of the heir, precluded the amendment. The court noted, "[R]elating back to '97 won't do you any good because you didn't have the right party pleading. And amending a complaint by adding a party will not get you the relation back doctrine under Rule 15 anyway." The court also found that the original complaint did not state a cause of action for wrongful death and that any cause of action stated did not survive the death of the decedent. Summary judgment was subsequently granted in favor of Jack's Pharmacy. The district court subsequently denied Alfred's motion for reconsideration of the summary judgment. Alfred filed this timely appeal.

## II.

### STANDARD OF REVIEW

A court's decision to allow the amendment of pleadings is reviewed for an abuse of discretion. When determining whether a trial court has abused its discretion, this Court asks: "(1) whether the court correctly perceived the issue as one of discretion; (2) whether it acted within the outer boundaries of that discretion and consistently with any applicable legal standards; and (3) whether it reached its decision by an exercise of reason." *Hough v. Fry*, 131 Idaho 230, 232, 953 P.2d 980, 982 (1998)(internal citations omitted).

In *Carl H. Christensen Family Trust v. Christensen*, 133 Idaho 866, 993 P.2d 1197 (1999), this Court set forth the following standard of review to be utilized when a summary judgment is being reviewed:

When this Court reviews a district court's grant of summary judgment, it uses the same standard properly employed by the district court originally ruling on the motion. Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The record is construed in the light most favorable to the non-moving party, and all reasonable inferences are drawn in favor of that party. If reasonable minds might come to different conclusions, summary judgment is inappropriate. On appeal, this Court exercises free review.

*Id.* at 870, 993 P.2d at 1201 (internal citations omitted).

## III.

### ANALYSIS

### A. THE DISTRICT COURT ABUSED ITS DISCRETION BY REFUSING ALFRED LEAVE TO AMEND THE COMPLAINT TO FORMALLY ALLEGE A WRONGFUL DEATH CLAIM.

#### Rule 15(a) of the Idaho Rules of Civil Procedure

Idaho Rule of Civil Procedure 15(a) reads in relevant part, "[A] party may amend a pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...." I.R.C.P. 15(a).

A detailed examination of this rule was recently set forth by the Court in *Carl H. Christensen Family Trust*:

The twin purposes behind the rule are to allow claims to be determined on the merits rather than on technicalities, and to make pleadings serve the limited role of providing notice of the nature of the claim and the facts at issue.

It is within the district court's sound discretion to decide whether to allow a party to amend its complaint after a responsive pleading has been served. "[I]n the interest of justice, district courts should favor liberal grants of leave to amend a complaint."

*Id.* at 871, 993 P.2d at 1202 (internal citations omitted).

The Court went on to discuss the effect of "timeliness" on a motion to amend, noting that in *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 561 P.2d 1299 (1977), this Court

adopted the reasoning of the U.S. Supreme Court in interpreting the comparable federal rule:

In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be freely given.

*Id.* at 871, 993 P.2d at 1202.

Other factors this Court considers when reviewing a trial court's decision to grant a motion to amend include: 1) if the amended pleading provides a valid claim; 2) if the opposing party would be prejudiced by the delay in adding the new claim; and 3) if. the opposing party has an available defense such as the statute of limitations. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank,* 119 Idaho 171, 175, 804 P.2d 900, 904 (1991). If the opposing party has such a defense, it is not an abuse of discretion for the trial court to deny the motion to file the amended complaint. *Id.*

We begin the analysis by noting that various actions taken by the respondents demonstrate that the defense was aware of the wrongful death action and would suffer no prejudice as a result of the amended complaint. For example, the language utilized in a motion to stay filed by Jack's Pharmacy stated, "The plaintiff has filed duplicate and parallel litigation claims in the United States District Court for the District of Idaho, Northern Division ... making claims for the asserted and alleged wrongful death of Delbert Lewis Hayward. The Plaintiff, in above-entitled matter, basically makes the same allegations, including the claim for relief for wrongful death."

Additionally, at one point in the proceedings, respondent Valley Vista filed a response to Alfred's motion requesting the federal court to exercise supplemental jurisdiction. In this response, Valley Vista noted, "Although the Plaintiff characterizes the estate claim as one for breach of contract, a review of that claim reveals that it is much broader; his complaint asserts actions for negligence, false imprisonment, intentional misconduct, medical malpractice, and arguably for the wrongful death of the decedent." This same response stated, "Given that the factual allegations contained in the Plaintiff's estate claim, and this claim, are virtually identical, abstention is appropriate to provide the state court with an opportunity to address common issues of law and fact to be determined in each proceeding."

This argument is also supported by a reply brief filed by Valley Vista. In that brief, the respondent noted, "[A] review of the Plaintiff's estate claim reveals that he raises causes of action for negligence, malpractice, false imprisonment, contract and wrongful death."

Finally, it is relevant to observe that one of the federal district court orders in this case noted, "[D]efendants argue that Plaintiff has an identical action in state court, so dismissal of this action would not be prejudicial."

Due to the respondents' awareness of the wrongful death claim, the district court erred in refusing to grant Alfred leave to amend the complaint. Allowing the amendment would comply with the "liberal application" policy set forth by this Court and would not result in prejudice, undue hardship, or surprise to the respondents. With this in mind, we acknowledge that Alfred's claim will not survive if it is barred by the statute of limitations, as held by the district court. Therefore, an examination of the relation-back doctrine of I.R.C.P. 15(c) is necessary.

### The relation-back doctrine of I.R.C.P. 15(c)

Under I.C. § 5–219, the statute of limitations in a wrongful death action is two years following the date of the decedent's death; in this case, Delbert died on February 16, 1995. Alfred brought a wrongful death action in federal court and a contract claim in state court on February 14, 1997, two days before the expiration of the statute of limitations. None of the parties dispute the fact that the statute of limitations had expired by the time Alfred moved the court to amend the state court complaint to add the wrongful death action. Consequently,

unless the relation-back doctrine under Rule 15(c) applies, the wrongful death action is time-barred.

Under Rule 15(c):

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.... The relation back of an amendment joining or substituting a real party in interest shall be as provided in Rule 17(a).

I.R.C.P. 15(c).

The district court found that a wrongful death claim had not been stated in the state court complaint. The district court observed that the complaint did not contain any language indicating that it was brought on behalf of the heirs and that "it made no mention of or claim to those damages which are traditionally, exclusively the entitlement of the surviving heirs of a decedent whose death was occasioned wrongfully." The court noted, "Where the original complaint does not give notice of the legal theory in an amended complaint, the amendment is a new cause of action which does not relate back."

In this case, the original complaint filed in state court contained the following allegations:

## XVII.

Following Defendants acceptance of Delbert Lewis Hayward as a patient, Defendants were under a continuing duty, under Federal and State law, and by the terms of said admission agreement to exercise reasonable care in its treatment of Delbert Lewis Hayward in light of his known condition. Defendants negligently and willfully failed to properly monitor and assess Delbert Lewis Hayward, which was a proximate cause of his death.

## XVIII.

During March of 1994, Defendant negligently, willfully, and recklessly failed to properly monitor the behavior changes of Delbert Lewis Hayward due to extreme increases in his psychotropic medication which resulted in the development of the usual and natural side effects of Haldol; tardive dyskensia, and resulting swallowing paralysis which caused his aspiration and death.

## XIX.

As a direct and proximate result of Defendant's negligence and tortious conduct to Delbert Lewis Hayward, he suffered serious physical injuries, and ultimately died.

We find that the original complaint gave notice of the legal theory based on a wrongful death action. The allegations in both the original complaint and the amended complaint were based on the same factual allegations arising out of the same conduct, transaction or occurrence. This holding complies with previous cases decided by this Court addressing an alleged "new cause of action" raised in an amended complaint. *Wing v. Martin*, 107 Idaho 267, 270, 688 P.2d 1172, 1175 (1984)(affirming the district court's refusal to allow the amendment to relate back to the date of the original filing because "Plaintiffs' amended complaints alleged wrongful conduct ....arising at a different time and with regard to a different set of facts."); *Switts v. First Security Bank of Idaho*, 110 Idaho 15, 23, 713 P.2d 1374, 1382 (1985)(finding that the district court erred in denying the motion to amend because both the new legal theory based on tort and the previous theory based on contract were based on the same underlying conduct, transaction, or occurrence).

Additionally, in this case, the wrongful death action was pursued in federal court, thus giving further notice to respondents that this legal theory was being pursued. Because a new cause of action was not stated, the amended complaint qualified for the application of the relation-back doctrine found in I.R.C.P. 15(c).

Next, we must address whether the combined application of I.R.C.P. 15(c) and 17(a) is appropriate given the unique set of facts presented in this case. Specifically, we must determine whether the fact that Alfred mis-

takenly named the incorrect party in the complaint precludes the application of the relation-back doctrine.

### The Combined Effect of Rule 15(c) and Rule 17(a)

█ I.R.C.P. 17(a) provides in relevant part:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, personal representative ... may sue in this capacity without joining the party for whose benefit the action is brought.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

I.R.C.P. 17(a).

█ This rule is intended to "prevent forfeiture when determination of the proper party is difficult or when an understandable mistake has been made in selecting the party plaintiff." *Conda Partnership, Inc. v. M.D. Constr. Co., Inc.*, 115 Idaho 902, 904, 771 P.2d 920, 922 (Ct.App.1989). Liberal construction should be given to this rule and courts should "further the policy favoring the just resolution of actions—providing litigants their day in court." *Id.* (citing *Holmes v. Henderson Oil Co.*, 102 Idaho 214, 628 P.2d 1048 (1981)).

In this case, Alfred brought the state court claim as "Alfred S. Hayward, Personal Representative of the Estate of Delbert Lewis Hayward, Deceased." The district court found that Alfred was not a real party in interest, since he did not bring the claim as an "heir" or as a "personal representative on behalf of the heirs." According to the district court, even if Alfred were allowed to add the wrongful death claim to the state court claim, he would have to add a party or change the party listed on the pleading.

Although not binding on this Court, the Court of Appeals set forth various considerations regarding Rule 17(a) substitutions or joinders in *Conda Partnership, Inc.*, 115 Idaho at 904, 771 P.2d at 922. In that case, the Court of Appeals found that the good faith of the plaintiff and prejudice experienced by the defendant are factors to consider. *Id.* It also observed that, "Rule 17(a) is not intended to validate claims filed without any real basis but with the hope that a proper party will eventually materialize in order to benefit from suspended statutes of limitation." *Id.* "However, this principle has no application to cases in which substitution of the real party in interest is necessary to avoid injustice." *Id.*

Various federal courts have also provided informative insight on the combined application of Rule 15(c) and Rule 17(a) of the Federal Rules of Civil Procedure. For example, in *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413 (8th Cir.1967), the circuit court reviewed a district court's dismissal of a wrongful death claim based on a finding that the statute of limitations had run. *Id.* at 414. The wrongful death claim had originally been filed by the decedent's wife who was named in the complaint as "administratrix of the estate of the decedent, as plaintiff." *Id.* Under the applicable state law, the administratrix was not an appropriate party to bring a wrongful death action. *Id.* at 415. Consequently, the plaintiff moved to amend the complaint in order to bring the action on behalf of the heirs of the decedent. *Id.* at 414. On appeal, the eighth circuit found that the district court erred in dismissing the complaint, as rules 15(c) and 17(a) covered the relation-back issue presented to the court. *Id.* at 418. In reaching its decision, the court looked to the policy behind the federal rules such as eliminating "procedural booby traps" and permitting that "bona fide complaints be carried to an adjudication on the merits." *Id.*

Likewise, in *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2nd Cir.1997), the circuit court explored a district court's denial of a motion to amend to change the named plaintiffs. *Id.* at 14. The district court's denial was in part based on a finding

that the decision to use the plaintiffs named in the original complaint was a "tactical" decision, as opposed to a "mistake." *Id.* The circuit court reversed the decision of the district court, finding that the language and policy behind Rule 15(c) and Rule 17(a) mandated a contrary conclusion. *Id.* at 20–21. The court noted, "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or participants." *Id.* at 20.

Finally, we note that courts from other jurisdictions have applied a more lenient standard to the relation back of a motion to amend that primarily centers around the capacity in which the plaintiff brings the action. *See, e.g., Beal v. City of Seattle,* 134 Wash.2d 769, 954 P.2d 237, 244 (1998)(finding that CR 17(a) and CR 15(c), Washington's equivalent to the federal rules, did not bar amendment and relation back in a wrongful death case because the change was only in the representative capacity in which the suit was brought and the defendant was not prejudiced); *Flores v. Cameron County,* 92 F.3d 258, 273 (5th Cir.1996)(finding that plaintiff should be allowed to amend her complaint to state her representative capacity as temporary administrator of the estate because the amendment "[sought] to correct a technical difficulty."); *Frankel v. Styer,* 209 F.Supp. 509, 510 (E.D.Pa.1962)(allowing plaintiff to amend complaint to bring suit as administrator, instead of as guardian and trustee ad litem, because "the substitution is merely a change of fiduciaries of the persons in whose behalf the action was brought.").

In this case, by substituting the real party in interest, Alfred would merely be changing the representative capacity in which the suit is being brought. Consequently, as the aforementioned cases demonstrate, Alfred should be allowed to substitute the real party in interest and relate the amendment back to the date of the original complaint. Allowing such a substitution would promote the liberal policy behind the rules, as it would allow the case to proceed on the merits, thus preventing it from being dismissed on a technicality. Further support of this conclusion can be found in the lack of evidence in the record indicating bad faith on the part of Alfred· and the fact that the respondents will not be prejudiced by such a result.

In accordance with the applicable standard of review in this case, this Court must determine if the trial court correctly applied the appropriate legal standards through an "exercise of reason." We disagree with the trial court's interpretation and application of Idaho Rules of Civil Procedure 15(a), (c), and 17(a) for the reasons set forth. Consequently, we hold that the district court's denial of Alfred's motion to amend the complaint was an abuse of discretion and the decision of the district court is reversed and remanded.

## B. THE DISTRICT COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT TO RESPONDENTS ON HAYWARD'S CONTRACT-BASED CLAIMS.

■ Idaho Code § 6–1012 provides in relevant part:

*In any case, claim or action for damages due to injury to or death of any person, brought against any physician and surgeon or other provider of health care, including,* without limitation, *any* dentist, ... hospital or *nursing home,* or any person vicariously liable for the negligence of them or any of them, on account of the provision of or failure to provide health care or on account of any matter incidental or related thereto, such claimant or plaintiff must, as an essential part of his or her case in chief, affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence, that such defendant then and there negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided, as such standard existed at the time and place of the alleged negligence of such physician and surgeon, hospital or other such health care provider and as such standard then and there existed with respect to the class of health care provider that such defendant then and there belonged to and in which capacity he, she, or it was functioning. Such individual

providers of health care shall be judged in such cases in comparison with similarly trained and qualified providers of the same class in the same community, taking into account his or her training, experience, and fields of medical specialization, if any....

I.C. § 6–1012 (emphasis added).

In an Idaho Supreme Court case dating back to 1932, this Court explored whether a plaintiff could bring both a contract claim and a malpractice claim against a health care professional whose negligence resulted in injury. *Trimming v. Howard*, 52 Idaho 412, 16 P.2d 661 (1932). In that case, the Court noted:

[T]he basic allegations of the complaint are directed solely to carelessness, negligence and misconduct as the proximate cause of the injury claimed to have been suffered. Respondent is not arraigned for breach of contract but for delinquencies incidental to its performance. As alleged, these are the very foundation of the action, and if true, constituted nothing but malpractice. The gist of a malpractice action is negligence, not a breach of the contract of employment.

*Id.* at 415–16, 16 P.2d at 662.

In a more recent Idaho case, this Court examined a claim brought by a patient who was injured when she fell off a balance board utilized by her physical therapist to promote ankle strengthening. *Hough*, 131 Idaho at 232, 953 P.2d at 982. The appellant, Hough, originally pursued a malpractice claim against the therapist. *Id.* Later, she moved to amend her complaint to allege ordinary negligence. *Id.* The appellant argued that I.C. § 6–1012 does not apply in cases of "ordinary negligence" where "the act complained of requires no specialized skill or knowledge." *Id.* at 233, 953 P.2d at 983.

The Court ultimately rejected Hough's argument, noting that physical therapy is a type of medical care specifically covered by I.C. § 6–1012. *Id.* Further, the Court found, "Thus, to determine if I.C. § 6–1012 applies, courts need only look to see if the injury occurred on account of the provision of or failure to provide health care." *Id.* The Court explained, "The language of the stat-ute clearly treats the provision of health care as a single act and not a series of steps, each of which must be analyzed to determine if it involved professional judgment." *Id.*

In the case currently before the Court, the district court found that I.C. § 6–1012 precluded Alfred from bringing a claim based on a breach of contract theory. The district court noted that the claims were for malpractice, regardless of the label assigned to them.

We agree. The basis of Alfred's remaining state court claims pertain to "the provision of or failure to provide health care." Consequently, I.C. § 6–1012 and the language set forth in *Hough*, preclude Alfred from bringing a contract claim against the nursing home. The district court's grant of summary judgment on Alfred's remaining state court claims is affirmed.

## C. NONE OF THE PARTIES ARE ENTITLED TO ATTORNEY FEES ON APPEAL.

██ Alfred, as the prevailing party, is the only party who potentially may be entitled to attorney fees. Alfred cites to the fee provision found in I.C. § 12–120(3), the code provision pertaining to the recovery of fees "in any civil action to recover on [a] ... contract relating to the purchase or sale of goods ... or services."

██ Actions alleging malpractice are tort actions and "even though the underlying transaction which resulted in the malpractice was a 'commercial transaction,' attorney fees under 12–120(3) are not authorized." *Fuller v. Wolters*, 119 Idaho 415, 425, 807 P.2d 633, 643 (1991). We hold that since Alfred's "contract" claims are really malpractice actions, attorney fees should not be granted.

Alfred does not cite to any other statutory provision that would enable him to recover attorney fees. Consequently, attorney fees are not awarded.

## IV.

## CONCLUSION

The district court erred in denying Alfred's motion to amend the state court complaint to

add the wrongful death claim because I.R.C.P. 15(c) and 17(a) provide Alfred with a manner in which to substitute a real party in interest and then relate the amendment back to the date of the original complaint. Consequently, the district court's decision to deny the motion to amend is reversed and remanded for action consistent with this opinion.

Summary judgment dismissal of Alfred's contractual claims is affirmed, as the malpractice provisions of the code preclude the alleged contract claims. None of the parties are entitled to attorney fees.

Costs are awarded to appellant.

Chief Justice TROUT, Justices SCHROEDER and WALTERS, **CONCUR.**

Justice EISMANN, Specially Concurring.

I concur in Parts I., II., III. B and C, and I concur in the result in Parts III. A and IV.

On February 16, 1995, Delbert Hayward (Delbert) died. For tactical reasons, the personal representative of his estate filed two lawsuits regarding his treatment and death. The personal representative, who was Delbert's son Alfred, filed a wrongful death action in federal court and a survival action in

state court.[1] In the federal lawsuit, the personal representative sought to recover "[f]or Plaintiff's loss of love and companionship of his father, Delbert Lewis Hayward." In the state lawsuit, the personal representative sought to recover "[f]or Plaintiff's medical expenses and costs associated with his hospitalization, treatment, and death to exceed Ten Thousand Dollars ($10,000)."[2] The federal lawsuit was dismissed for lack of diversity jurisdiction, and the personal representative then moved to amend the state lawsuit to add a claim for wrongful death. The proposed second amended complaint would have added in the prayer a request to recover "[f]or Plaintiff's loss of love and companionship of his father, Delbert Lewis Hayward."

The defendants' motions for summary judgment were heard and granted before the district court ruled on the plaintiff's motion to filed a second amended complaint adding a claim for wrongful death. The plaintiff filed a motion for reconsideration seeking clarification as to whether the district court intended to dismiss the plaintiff's wrongful death claim and seeking permission to file the second amended complaint.[3] The district court denied the motion for reconsideration upon

1. The state court lawsuit alleged false imprisonment of Hayward in the nursing home, negligence in treating him, and breach of a contractual agreement to exercise reasonable care in treating him. Because the basis of all claims was the provision of or failure to provide health care, the action was one for medical malpractice. IDAHO CODE § 6–1012 (1998).

2. A survival action is for the damages the deceased suffered and could have sued for had he survived, while a wrongful death action involves the damages suffered by the heirs of the decedent because of his death, such as loss of guidance, support, etc. *Gavica v. Hanson*, 101 Idaho 58, 608 P.2d 861 (1980). They are two entirely separate causes of action. *Russell v. Cox*, 65 Idaho 534, 148 P.2d 221 (1944). At common law a tort action for personal injuries abated upon the death either of the injured person or of the tortfeasor. *Stucki v. Loveland*, 94 Idaho 621, 495 P.2d 571 (1972). If the tortfeasor died, his personal representative was not liable in his official capacity for personal injuries caused by the decedent during his lifetime. *Id.* Likewise, if the victim of the tort died before recovering a judgment, his cause of action also died. *Evans v. Twin Falls County*, 118 Idaho 210, 796 P.2d 87 (1990). If a person's death was caused by the wrongful act of another, the relatives and dependents of the decedent did not have any cause of

action at common law. *Id.* When actions for wrongful death were authorized in Idaho by the enactment of Idaho Code § 5–311, this Court held that the common law rule, preventing recovery from the personal representative of the deceased tortfeasor, remained in force. *Id.* In response, the legislature enacted a survival statute that permitted tort actions, except actions for slander or libel, to survive the death of the wrongdoer. *Evans v. Twin Falls County*, 118 Idaho 210, 796 P.2d 87 (1990); IDAHO CODE § 5–327 (1998). Under Idaho law, however, an action for personal injuries does not survive the death of the victim of the tort. *Evans v. Twin Falls County*, 118 Idaho 210, 796 P.2d 87 (1990).

3. The district court granted the motions for summary judgment and entered an order stating, "That all of the Plaintiff's claims in Plaintiff's Second Amended Complaint are hereby dismissed as to Defendants, Valley Vista Care Corporation, Scott F. Burpee, Jan Burpee and Nancy Renfrew (Valley Vista) and the Estate of W. Dyce Thurston." Although it dismissed the claims in "Plaintiff's Second Amended Complaint," the district court had never entered an order granting the plaintiff permission to file the second amended complaint.

the ground that a claim for wrongful death would be barred by the statute of limitations because it would not relate back under Idaho Rule of Civil Procedure 15(c). In so holding, the district court stated in its decision, "Where the original complaint does not give notice of the legal theory in an amended complaint, the amendment is a new cause of action which does not relate back. *Wing v. Martin,* 107 Idaho 267, 688 P.2d 1172 (1984)."

The majority finds that "the original complaint gave notice of the legal theory based on a wrongful death action." I cannot agree with the majority because the original complaint in the state lawsuit was carefully drafted so that it alleged a survival cause of action, not a wrongful death cause of action. Counsel for the personal representative conceded during oral argument that the complaint in the state lawsuit was intended to allege a survival action, not a wrongful death action.[4] Although defendants' counsel argued in federal court that the state lawsuit was a wrongful death action, the nature of the cause of action alleged in the complaint should be based upon the wording of the complaint, not upon the arguments made by defense counsel in a related case. The district court was correct in stating that the original complaint in the state lawsuit did not give notice of a cause of action for wrongful death.

Although I cannot agree that the original complaint in the state lawsuit gave notice of a wrongful death action, I agree that the district court erred in holding that a claim for wrongful death would not relate back to the date of the original complaint. The district

court held that a claim for wrongful death would not relate back because it was a new cause of action. Relation back under Rule 15(c) of the Idaho Rules of Civil Procedure does not depend upon whether a new cause of action is being asserted. *Suitts v. First Security Bank of Idaho, N.A.,* 110 Idaho 15, 713 P.2d 1374 (1985). That rule states, "Whenever the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading." Here, the claim for wrongful death arose out of the conduct or occurrence set forth in the original complaint in the state lawsuit. The factual allegations in the original complaint in the state lawsuit were identical to the factual allegations in the proposed second amended complaint. The original complaint included the allegation, "As a direct and proximate result of Defendants' negligence and tortuous conduct to Delbert Lewis Hayward, he suffered serious physical injuries, and ultimately died." The only material change that would be made by the proposed amended complaint would be to add in the prayer a request to recover "[f]or Plaintiff's loss of love and companionship of his father, Delbert Lewis Hayward." Thus, under Rule 15(c) the proposed amended complaint seeking to add a cause of action for wrongful death would relate back to the date of the original complaint because the claim for wrongful death "arose out of the conduct . . . or occurrence set forth . . . in the original pleading."

Our decision in *Wing v. Martin,* 107 Idaho 267, 688 P.2d 1172 (1984), is not to the con-

---

4. Excerpts of the argument are as follows:

JUSTICE EISMANN: Well, if you look at the pleadings, though, there are differences between the two complaints, and it's clear that those differences are because the federal action was intended to be a wrongful death action and the state action was intended to be an action for torts that occurred prior to death. Is that correct?

DEBRA L. STEPHENS: Yes, your Honor.

. . . .

JUSTICE EISMANN: But one was a wrongful death action and the other was to assert claims that arose before death.

DEBRA L. STEPHENS: True, your Honor.

. . . .

JUSTICE EISMANN: I know now you want to say the state court action was a wrongful death

action, but it's clear that that's not the way it was filed.

DEBRA L. STEPHENS: True, and we're not disputing that. Again, our argument is that—

JUSTICE EISMANN: So if you take it based upon the pleadings, it was not a wrongful death action.

DEBRA L. STEPHENS: Depends on how you read the pleadings. Did we intend a wrongful death action? No.

. . . .

JUSTICE KIDWELL: Well, I'm a little bit concerned because you said that you did not, you acknowledged that you did not intend to file a wrongful death action.

DEBRA L. STEPHENS: Right.

trary. In *Wing*, the amended complaints did not relate back because they "alleged wrongful conduct by DuPont arising at a different time and with regard to a different set of facts than those involved in the original complaint." *Id.* at 270, 688 P.2d at 1175.

The majority next addresses the combined application of Rules 15(c) and 17(a) of the Idaho Rules of Civil Procedure. The majority states that "Alfred mistakenly named the incorrect party in the complaint" and concludes that he "should be allowed to substitute the real party in interest and relate the amendment back to the date of the original complaint." The facts in this case do not raise any issue regarding substitution of the real party in interest, nor did the plaintiff ever request permission to do so.

The plaintiff, as identified in the caption of the original complaint in the state court lawsuit, is "Alfred S. Hayward, Personal Representative of the Estate of Delbert Lewis Hayward, Deceased." The proposed second amended complaint would not have changed the named plaintiff, nor is there any need to do so. The personal representative can bring an action for wrongful death,[5] and need not join the heirs as parties. "[A] personal representative ... may sue in this capacity without joining the party for whose benefit the action is brought." IDAHO R. CIV. P. 17(a). As personal representative, Alfred could bring an action to recover any claims the estate may have, and he could bring a wrongful death action to recover for Delbert's death. There is no need to expressly allege that an action brought by the personal representative is prosecuted "on behalf of the estate" or "on behalf of the heirs." Alfred's capacity is that of personal representative, and in that capacity he could bring either a survival action (if Idaho recognized such action) or a wrongful death action.

Where, as here, the plaintiff in the original complaint could have brought the claim sought to be added by the amendment, and where the claim sought to be added "arose out of the conduct, transaction, or occurrence set forth ... in the original pleading," the amendment would relate back to the date of the original pleading. Therefore, the district court erred in denying the proposed amendment on the ground that the claim to be added would be barred by the statute of limitations.

---

5. Idaho Code § 5–311(1) provides:

> When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death, or in case of the death of such wrongdoer, against the personal representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured. If any other person is responsible for any such wrongful act or neglect, the action may also be maintained against such other person, or in case of his or her death, his or her personal representatives. In every action under this section, such damages may be given as under all the circumstances of the case as may be just.

A decedent's "heirs or personal representatives on their behalf" may maintain an action to recover damages for wrongful death.

The statute is ambiguous as to whether the phrase "personal representatives" means the personal representatives of the decedent or the personal representatives of the heirs. The statute could be read to have "personal representatives" refer to the personal representatives of the heirs.

That argument would be based upon the fact that a decedent usually has only one personal representative. Thus, the reference to "personal representatives" (plural) must refer to the personal representatives of more than one person, and "heirs" is the only plural noun to which the phrase could refer. Later in the statute, however, the phrase "personal representatives" clearly refers to the personal representatives (plural) of a single decedent. The statute states, "If any other person is responsible for any such wrongful act or neglect, *the action may also be maintained against such other person, or in case of his or her death, his or her personal representatives.*" If "personal representatives" were read to mean the personal representatives of the "heirs" of the decedent, it would transform Idaho Code § 5–311 into a form of survival action. That reading would provide that an heir's claim for wrongful death would survive the heir's death and could be brought by the heir's personal representative. There is nothing indicating that Idaho Code § 5–311 was intended by the legislature to be in part a survival statute. Therefore, the phrase "personal representatives" should be read as referring to the personal representatives of the decedent.