**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DWAYNE ROBERT STEPHENSON, | No. 18-35329 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00559-DCN |
| v. | |
| YOUNG, Dr.; POULSON, N.P., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief Judge, Presiding

Submitted February 19, 2019[**]

Before:   FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Idaho state prisoner Dwayne Robert Stephenson appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs and medical malpractice.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Stephenson's deliberate indifference claim because Stephenson failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating his neck condition. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Stephenson's medical malpractice claim because Stephenson failed to raise a genuine dispute of material fact as to whether defendants' conduct failed to meet the applicable standard of care. *See* Idaho Code Ann. § 6-1012 (direct, affirmative expert testimony is required to prove malpractice); *Hough v. Fry*, 953 P.2d 980, 982-83 (Idaho 1998) ("Expert testimony is not a prerequisite to filing a complaint, but expert testimony is required if the claim is to survive a motion for summary judgment.").

We reject as without merit Stephenson's contentions that the district court improperly denied him access to discovery and failed to consider his pro se status.

**AFFIRMED.**

18-35329