FILED

NOT FOR PUBLICATION

NOV 15 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN VAN ORDEN, personal representative of the Estate of Crystal Rhea Bannister; ROBERT BANNISTER, a legal heir of Crystal Rhea Bannister; MICHELLE WALESKE, a legal heir of Crystal Rhea Bannister, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CARIBOU COUNTY; CARIBOU COUNTY SHERIFF DEPT., an Office controlled and directed by Caribou County; RIC L. ANDERSON, Sheriff of Caribou County; MICHAEL HADERLIE, Commander of the Caribou County Jail; BROCK LOPEZ, Detention Sergeant of the Caribou County Jail; HEATH S. DOWNS, Detention Deputy assigned to the Caribou County Jail; BRANDY BREDEHOFT, Detention Deputy assigned to the Caribou County Jail; JUDY PROBART LONG, Dispatcher employed by Caribou County; JODI SUTER, Dispatcher employed by Caribou County, <br><br> Defendants - Appellees. | No. 12-35520 <br><br> D.C. No. 4:10 cv-0385 BLW <br><br> MEMORANDUM[*] |

_____

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted October 10, 2013
Seattle, Washington

Before:     TASHIMA, GRABER, and MURGUIA, Circuit Judges.

The Estate of Crystal Bannister and two of Crystal Bannister's heirs (collectively "Plaintiffs") appeal from the district court's order granting summary judgment in favor of Defendants Caribou County, Caribou County Sheriff's Department ("County Defendants"), Heath Downs, Judy Long, and other individual correctional-officer defendants ("Individual Defendants") (collectively, "Defendants") on Plaintiffs' 42 U.S.C. § 1983 and state-law negligence claims arising out of Crystal Bannister's August 25, 2009, suicide at the Caribou County jail. The district court held that: (1) no reasonable jury could find that the Individual Defendants were deliberately indifferent to Bannister's medical needs under *Farmer v. Brennan*, 511 U.S. 825 (1994); (2) the County Defendants could not be liable under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), absent the liability of an Individual Defendant; and (3) Plaintiffs' negligence claim could not proceed because Idaho law does not authorize survival

actions. Plaintiffs appeal the first holding only with respect to Defendants Downs and Long. Plaintiffs appeal the third holding with respect to all Defendants, except Brett Smith. We review a district court's grant of summary judgment *de novo*. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). We reverse on all three grounds.

**1.** The district court concluded, and we agree, that the conditions of Bannister's confinement posed an objectively substantial risk of serious harm to Bannister by heightening the risk of her suicide. *Cf. Conn v. City of Reno*, 591 F.3d 1081, 1095–96 (9th Cir. 2010), *vacated*, 131 S. Ct. 1812 (2011), *reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011); *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1018 (9th Cir. 2010). We disagree, however, that no genuine issue of material fact exists on the question of Downs' and Long's subjective awareness under the second prong of *Farmer*. 511 U.S. at 837. Downs and Long knew that Bannister had attempted suicide in the past and had been recently released from a hospital. Bannister exhibited highly unstable behavior during her incarceration, including hyperagitation, crying, and kicking at her cell door. Long's comment that she "assumed [Bannister was on] suicide watch" indicates her subjective perception of Bannister's condition, regardless of the objective accuracy of that

perception. And circumstantial evidence supports the inference that Downs overheard Bannister make at least one suicide threat.

The fact that the jail received a fax from Bannister's treating physician stating that Bannister was "mentally and medically stable" does not alter our conclusion. For one, no evidence in the record indicates that either Downs or Long knew of the fax's contents other than that it cleared Bannister for incarceration. More importantly, Bannister's condition substantially deteriorated in the hours after the jail received the fax. At the least, there is a triable issue of fact whether the fax precluded any possibility of Downs and Long's subjective awareness, given their limited knowledge of its contents and the effect of intervening events. Indeed, Long's assumption that Bannister was "on suicide watch" suggests that the fax was not "completely antithetical to any suggestion [Bannister] was suicidal."

Because Bannister actively manifested her suicidality in the hours immediately preceding her suicide, we hold that the district court erred in concluding that no reasonable jury could find that Downs and Long were subjectively aware of a substantial risk of serious harm to Bannister. *See Conn*, 591 F.3d at 1097–98; *cf. Simmons*, 609 F.3d at 1018–19; *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1246–48 (9th Cir. 2010).

-4-

**2.** The district court granted summary judgment to County Defendants on Plaintiffs' *Monell* claims because there was no underlying deprivation of Bannister's constitutional rights. Because we reverse summary judgment on Plaintiffs' § 1983 claims against Downs and Long, we remand to the district court for consideration of County Defendants' liability under *Monell*.

We also note, as Plaintiffs correctly contend, that "[t]wo different paths to municipal liability [may] apply to this case." In addition to predicating municipal liability on a showing that an Individual Defendant violated Bannister's constitutional rights, a municipality may be liable under *Monell*, even if no employee is found individually liable. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1142–43 (9th Cir. 2012); *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1186 n.7 (9th Cir. 2002); *Fairley v. Luman*, 281 F.3d 913, 917 & n.4 (9th Cir. 2002) (per curiam); *see also City of Canton v. Harris*, 489 U.S. 378, 382, 393 (1989). Thus it remains open on remand for the district court to consider County Defendants' liability apart from the liability of any Individual Defendant.

**3.** Lastly, we reverse the district court's grant of summary judgment against Plaintiffs on their state-law negligence claim. The district court construed it as a survival claim and granted summary judgment because Idaho law does not authorize survival actions. Plaintiffs contend that they alleged a wrongful death

claim, not a survival claim, and that the district court misunderstood their remarks regarding this claim. Pleadings need not specify particular legal theories, but only claims for relief, *see Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008); *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995), and Plaintiffs adequately pleaded the factual content of a wrongful death claim, *see Castorena v. Gen. Elec.*, 238 P.3d 209, 220 (Idaho 2010); *Hayward v. Valley Vista Care Corp.*, 33 P.3d 816, 821 (Idaho 2001). The parties and the district court miscommunicated at the motions hearing, mistaking the arguments over the survivability of Plaintiffs' § 1983 claims for the arguments over Plaintiffs' negligence claim. Because we remand to the district court for consideration of the claim as a wrongful death claim, we do not consider any of Defendants' possible defenses.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**