

FILED

NOT FOR PUBLICATION

JUL 08 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALAN VAN ORDEN, personal
representative of the Estate of Crystal
Rhea Bannister; ROBERT BANNISTER,
a legal heir of Crystal Rhea Bannister;
MICHELLE WALESKE, a legal heir of
Crystal Rhea Bannister,

        Plaintiffs - Appellees,

 v.

HEATH S. DOWNS, Detention Deputy
assigned to the Caribou County Jail; JUDY
PROBART LONG, Dispatcher employed
by Caribou County,

        Defendants - Appellants,

  and

CARIBOU COUNTY; CARIBOU
COUNTY SHERIFF DEPT., an Office
controlled and directed by Caribou
County; RIC L. ANDERSON, Sheriff of
Caribou County; MICHAEL HADERLIE,
Commander of the Caribou County Jail;
BROCK LOPEZ, Detention Sergeant of
the Caribou County Jail; BRANDY

No. 14-35904

DC No. 4:10-CV-0385 BLW

MEMORANDUM*

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

BREDEHOFT, Detention Deputy assigned to the Caribou County Jail; JODI SUTER, Dispatcher employed by Caribou County; BRETT SMITH, Physician Assistant employed by Caribou County and assigned to the Caribou County Jail,

Defendants.

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted June 17, 2015
San Francisco, California

Before:    TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Defendants Heath Downs and Judy Long (together, "Appellants") appeal from the district court's denial of their motion for summary judgment on the ground of qualified immunity. In an earlier appeal, we held that genuine issues of material fact existed on the issue of whether Appellants and other defendants acted with deliberate indifference to Crystal Bannister's serious medical needs. *Van Orden v. Caribou Cnty.*, 546 F. App'x 647, 649 (9th Cir. 2013). In this appeal, Appellants contend that they are immune from suit under the doctrine of qualified immunity because the law at issue was not "clearly established" at the time of

Bannister's death on August 25, 2009. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's denial of summary judgment.

"'To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (per curiam) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)). This standard does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011). It was "clearly established," at least as early as 2005, "that the Eighth Amendment protects against deliberate indifference to a detainee's serious risk of suicide." *Conn v. City of Reno*, 591 F.3d 1081, 1102 (9th Cir. 2010), *judgment vacated*, 131 S. Ct. 1812, *and opinion reinstated*, 658 F.3d 897 (9th Cir. 2011); *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Appellants did not need a more detailed standard to be aware that their indifference violated Bannister's constitutional rights, and no subsequent case has undermined the deliberate indifference standard in the context of custodial suicide. As we held previously, the evidence, viewed in the light most favorable to the plaintiffs, shows that Appellants were subjectively aware that Bannister posed a serious suicide risk but failed to take protective actions. *Van Orden*, 546 F. App'x at 649.

**AFFIRMED.**